## Case No. 7,814.

### KING OF SPAIN v. OLIVER.

[2 Wash. C. C. 429.] [1]

Circuit Court, D. Pennsylvania. April Term, 1810.

WARRANT OF ATTORNEY—SUIT BY FOREIGN STATE—JURISDICTION OF UNITED STATES COURT.

1. It is a power which belongs essentially to every court, to superintend the conduct of its officers, to see by what authority they act, and

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

that its process shall not be vexatiously employ-ed.

[Cited in Meyer v. Littell, 2 Pa. St. 178; Williams v. Uncompahgre Canal Co. (Colo. Sup.) 22 Pac. 807.]

2. If the defendant insist upon it, the plaintiff's attorney must file his warrant.

3. The constitution of the United States gives jurisdiction to the courts of the United States, in cases where foreign states are parties; and the judicial act [1 Stat. 73], gives to the circuit court, jurisdiction in all cases between aliens and citizens.

[Cited in note in Terry v. Imperial Ins. Co., Case No. 13,838; Wisconsin v. Pelican Ins. Co., 127 U. S. 290, 8 Sup. Ct. 1,374.]

[Cited in King of Prussia v. Kuepper's Adm'r, 22 Mo. 553, 557.]

4. The court refused to inquire, upon a motion, whether Ferdinand VII. king of Spain, could institute this suit, the government of the United States not having acknowledged him king.

[Cited in The Sapphire v. Napoleon III., 11 Wall. (78 U. S.) 167.]

Two rules were obtained by the defendant; the one for the plaintiff's attorney to file his warrant of attorney; and the second, to show cause why the proceedings should not be stayed, the plaintiff not being qualified to sue in this court.

The first rule was argued distinct from the second; when it was contended, by Hare and Tilghman, in support of the rule, that upon legal principles, as well as upon the practice as understood in this state, the attorney, if called upon, must produce his authority to appear. St. 18 Hen. VIII. c. 9; 32 Hen. VIII. c. 30, § 2; 18 Eliz. c. 14; 4 Anne, c. 16, § 3; and the act of assembly of this state, passed 22d May, 1722, all of them requiring the attorney to file his warrant of attorney, when he declares or pleads under a certain penalty, were referred to. The case of the King of France v. Morris [cited in 3 Yeates, 251], in the supreme court of this state, where the plaintiff's attorney, after argument, was required to file his warrant, and many other cases, where the same demand had been made and submitted to without argument, were mentioned. The following cases were also read: 1 Com. Dig. 624, 626; 3 Hawk. 377; 1 Term R. 62; Cromp. Prac. 18; 1 Tidd, Prac. 470; .[Mercier v. Mercier] 2 Dall. [2 U. S.] 142; 7 Bac. Abr. 7; 2 Inst. 666.

Dallas and Rawle contended, that in England, the filing warrants of attorney had gone into disuse. 1 Salk. 19; 1 Wils. 181; 1 Sell. 20; and the remedy is against the attorney. But that, at all events, the rule was premature, as the attorney under the statute of this state, was not compellable to file it until he declares.

WASHINGTON, Circuit Justice. We think that this rule must be made absolute; for it would be strange, if a court whose duty it is to superintend the conduct of its officers, should not have the power to inquire by what authority an attorney of that court undertakes to sue or to defend, in the name of another—whether that other is a real or fictitious person—and whether its process is used for the purpose of vexation or fraud, instead of that for which alone it is intended. The only question can be, as to the time and manner of calling for the authority, and as to the remedy, which are in the discretion of the court, and ought to be adapted to the case. This right, which is inherent in all courts, may be taken away, or qualified by express statute; or additional cautions may be superadded; in which latter view, we consider the different statutes and the act of assembly of this state, which were referred to. These laws do no more than punish the attorney for failing to file his warrant at a particular time; and yet, if filed at any time afterwards when required, it would hardly be contended that the penalties would incur. The object of the court, in the exercise of its superintending power over its officers and its process, is to protect the parties, although it may go further, and punish the officer for misbehaviour. The statute fixes a particular time when the warrant is to be filed, in relation to the penalty imposed upon the attorney. But the court, not deriving its right to interpose under the statute, will at the threshold inquire, by what authority the suit is instituted; and being satisfied, either by the production of the warrant of attorney, or by any other, even parol evidence, that the attorney acts by authority, will not in a summary way arrest the proceedings. If it were necessary to wait until the declaration were filed, the interference of the court would but half effect the object of it. The plaintiff is not compellable to file his declaration at the first term. The defendant may be held to high bail, by an attorney who may be able to show cause of action, and yet not be authorized to sue; or if no bail be required, it may be the wish and the interest of the defendant to question the plaintiff, and to bring the cause to an early issue. Yet, if the plaintiff's attorney file his declaration, and refuse to file his warrant also, the defendant must wait under a rule to plead, possibly, until the succeeding term, in order to call for the warrant of attorney; for, after issue joined, it seems by the case cited from Dallas, it is too late to ask for the rule. Upon the reason and nature of the case, therefore, and the positive decision of the supreme court of this state, in one instance, and the tacit admission of the practice in many others, it is the opinion of the court, that the plaintiff's attorney must produce his authority for bringing this suit. First rule made absolute.

In relation to the second rule, it was contended by Hare and Tilghman, in favour of the rule, that the municipal courts of one country cannot entertain jurisdiction of a

suit brought by a foreign sovereign, more especially one who is not acknowledged by the government of the country where the suit is brought; and still stronger, where the sovereign in whose name the suit is brought, is not in possession of his government. If so, it is proper for the court to stay the proceedings at once, and not put the defendant to plead. They cited, Tidd, Prac. 470; 9 Ves. 347; 10 Ves. 352; 11 Ves. 273; [M'Carty v. Nixon] 1 Dall. [1 U. S.] 77; 2 Ld. Raym. 1533; 3 Ves. 424.

Rawle and J. R. Ingersoll, contra, cited Rose v. Horneby, (in the supreme court); 2 Ves. Jr. 56; 1 Ves. Jr. 371; 3 Term R. 731; 3 Brown, Ch. 292.

BY THE COURT. Without going through the English cases which have been cited, it is sufficient to observe, that the constitution of the United States gives jurisdiction to the courts of the United States, in cases where foreign states are parties; and the judicial act gives jurisdiction to the circuit courts, in all cases between aliens and citizens. Whether this suit can be supported, if prosecuted in the name of the king of Spain, generally, or whether Ferdinand VII. can support the action before he is acknowledged by our government, are questions not proper to be decided on motion. Rule discharged.