# McKiernan *et al. v.* Patrick *et al.*

Where the justice of the cause requires it, the attorney will be required to produce his authority for prosecuting the suit.

IN ERROR from the Circuit Court of the county of Hinds.

W. Yerger and Hughes for plaintiffs in error.

Barton and Rannels, *contra.*

Mr. Justice Turner delivered the opinion of the court.

This was an action on the case brought by the defendants in error against the plaintiffs in error, in the Circuit Court of Hinds county, on two promissory notes, drawn by Patrick, payable to Moss & Runnells, and by them endorsed. These notes were payable and negotiable at the Agricultural Bank of Mississippi, at Natchez, and were for $10,000 each. They were sued on by the plaintiffs below, as the immediate endorsers of Moss & Runnells. The endorsements were blank. On one of the notes, the name of Shelby Smith appears as endorser also; and a notary protested the notes for non-payment at Natchez: and the said B. McKiernan's name, also, appears under that of said Smith on one of said notes. Moss, Runnels & Smith appear to have been notified, but no notice is stated to have been given to McKiernan. Anderson's name does not appear on either of said notes. At the return term of the original writ, the said Patrick moved the court for a rule on the attorneys of record, in behalf of the plaintiffs or plaintiff, to show sufficient legal authority for using the name Sherrod Anderson as one of the plaintiffs, or that said suit be dismissed as to that name, on the suggestion that the name of said Anderson was used in the suit without legal authority, either that said name is fictitious, or, if any person of that name exists, that he has not authorised the use of it in said suit. In support of this rule the plaintiff, Patrick, made affidavit, in substance, as follows, to wit: that altho' the name of Sherrod Anderson appears to be used as a plaintiff,

yet that he has reason to believe that it is done without authority of law, and that either no such person exists, and his name is used as an entire fiction, or, if such person exists, he has no interest as is shown for him in the declaration, and has not given any authority for using his name in said suit; in support of which he states that he has had considerable correspondence with said McKiernan by letters and orally concerning the notes sued on, and that said McKiernan was well apprised that this defendant claimed a set-off against the claims of said McKiernan on a bill of exchange, accepted by him for $8000, and before the institution of this suit, but that said McKiernan, who held the notes, always spoke and acted in relation to them as exclusively his own, without naming any other person as a joint owner, or intimating any such idea, and that he knew of no such person as Sherrod Anderson, and does not recollect that he ever heard of such a person until very recently, and on inquiry can learn nothing concerning him; that said McKiernan is not a citizen of Mississippi, as he believes, that he is the maker of the note sued on, and that the name of Sherrod Anderson has been used to avoid said set-off, and that the attorneys of record for the plaintiff have no authority for the use of the name of said Anderson, except it may be as derived from said McKiernan, not in accordance with, but against, law, and that said McKiernan has no right to use the name of said Anderson in said suit, &c. and exhibited said bill of exchange.

On this motion, the attorneys of the plaintiffs below showed cause, and informed the court that they received the notes sued on from said McKiernan, with instructions to sue, as has been done, but without any personal knowledge of, or intercourse with, said Sherrod Anderson, who, they understand, is a near neighbor and friend of said McKiernan, in Alabama; that since the making of this motion said attorneys have written to both the plaintiffs, but have received no answer from either of them; they have, however, understood from another source that both the plaintiffs are absent from home.

The record states, that under the circumstances, the court overruled the motion, and the defendants excepted, and a bill of exceptions was signed by the presiding judge, whereupon the plea of non assumpsit was filed for all the defendants; and at the May

[McKiernan *et al. v.* Patrick *et al.*]

Term, 1839, a trial was had, when verdict and judgment was given, to wit: against Patrick & Runnels, for $18,254 41, and against Moss, in conjunction with Patrick & Runnels, for $10,966 66, and they have sued out this writ of error and assigned several errors, only one of which it is deemed necessary to notice on this occasion, viz:

" The court below erred in overruling the motion made by defendants for a rule on the attorneys of the plaintiffs below to show cause by what authority they prosecuted the suit in the name of Sherrod Anderson."

We do not intend, on this occasion, to question the general authority of attorneys and counsellors at law in this state; nor do we propose to introduce any new rule of decision in relation thereto. Our practice does not require the warrant of attorney known in the English practice, and at one time required here.— But when it becomes necessary for the ends of justice, where it is shown to the court that injury or oppression is happening, or is likely to happen, the court will interpose, and require an attorney to show his authority for appearing as the attorney of a party, and grant relief where injury is done by fraud, accident, or mistake, in the appearance of an attorney not authorised to do what he has done in that character.

In this particular case, no improper conduct is imputed to the attorneys of the plaintiffs or plaintiff at law. They showed cause in the court below, and stated that they knew McKiernan only, and that it was by his instructions that they sued in the joint names of the two plaintiffs. But the immediate interest of the defendants required that the plaintiff Anderson should show that he had an interest in this suit, and the proper mode to call on him was to put the attorneys of record under the rule to show cause. It is obvious that the off-set which Patrick sets forth in his affidavit, was an off-set against McKiernan alone, and could not be set off in a suit brought by McKiernan and another. He charges McKiernan with using the name of Anderson, for the purpose of avoiding this off-set. If this was so, it was an attempted fraud upon Patrick and his sureties, and it is the duty of the court to interpose and prevent the abuse of its process and authority.

[McKiernan *et al. v.* Patrick *et al.*]

Attorneys, clerks, sheriffs, and other officers, are called officers of court, and they are at all times answerable to the courts for their professional or official acts in and about the proceedings of the court. This supervisory authority is intended to keep the fountains of the streams of justice pure, and tends to elevate the character of the courts and of those officers. It is also the province of courts of justice to see that their process and authority is not perverted, to the injury of any party.

The authorities cited by the plaintiff in error, from 1 Yerger, 325; 1 Bac. ab. tit. Att. C. & D.; 3 Monroe, 189; 2 Wash. C. C. Rep. 429; 5 Yerger, 261; show the power of the courts in relation to this matter, and are considered as evidence of the law.

The judgment must be reversed, the cause remanded with directions to re-try the rule to produce the authority to prosecute the suit, and if none is produced, or sufficient cause is not shown, to dismiss the suit.