WALTER G. PORTER *et al.*, Appellants, *v.* MARIA CUSHMAN, Appellee.

## APPEAL FROM LA SALLE COUNTY COURT.

Where a note has been specially indorsed to a certain person, and no indorsement is made by that person, either in blank or otherwise, the holder of the note cannot, on trial, strike out the name of the special indorsee and insert his own. If proof shall be made that the special indorsee has parted with the note for a consideration, and that the holder has it rightfully, then it would seem that such an alteration of the indorsement would not be improper.

THIS action was in assumpsit, and brought into the County Court of La Salle county, by plaintiff below against defendants below, to recover damages for the non-payment of a note executed by defendants in favor of L. De Puy, or order.

Defendants plead the general issue, and special plea denying indorsement of note.

Trial by jury and verdict for plaintiff.

Motions for new trial and in arrest of judgment made by defendants and overruled by court. Judgment rendered for plaintiff.

Bill of exceptions as follows:

Be it remembered, that on this 6th day of March, A. D. 1858, the same being one of the days of the March term, A. D. 1858, of said court, this cause came on to be heard by the court and a jury. Whereupon the counsel for the plaintiff offered in evidence a promissory note, in the words and figures following, to wit:

$245.00.

Four months from date we jointly and severally promise to pay to L. De Puy or order, two hundred and forty-five dollars, at the banking house of H. Baldwin, in La Salle, for value received.

W. G. PORTER,

*La Salle, July* 23, 1857.                    F. T. BARRY.

Porter et al. *v.* Cushman.

On said note had been written the following full indorsement:

> Pay James Strain
> or order.
> L. DE PUY.

At the trial the name of James Strain was erased by plaintiff's counsel, and plaintiff's name substituted therefor, making said indorsement read as follows:

> Pay Maria Cushman
> or order.
> L. DE PUY.

The signatures of the defendants to said note, and of L. De Puy to the indorsement, were admitted to be genuine.

The counsel for the defendants denied the right of plaintiff's counsel to erase the name of " James Strain " in said indorsement, and substitute therefor the name of plaintiff, and objected to the introduction of said note, and the indorsement thereon, so altered, in evidence. But said objection was overruled by the court, and the said note and the indorsement thereon, so altered, was, by leave of the court, offered in evidence to the jury by the counsel for the plaintiff, to which decision of the court, in overruling said objection, allowing] said note with the indorsement thereon so altered, to be offered in evidence to the jury, the counsel for defendants then and there excepted. No other evidence was given or offered in the case.

Whereupon the jury found a verdict for the plaintiff in the sum of two hundred and forty-five dollars and twelve cents.

Whereupon the counsel for the defendants moved for a new trial, and in arrest of judgment, which motions were overruled by the court, and judgment was rendered against said defendants, and in favor of said plaintiff, for said sum of two hundred and forty-nine dollars and twelve cents.

To which decision of the court, in overruling said motion for a new trial, and in arrest of judgment, and rendering judgment for said sum of two hundred and forty-nine dollars and twelve cents, defendants' counsel then and there excepted, and prays that this their bill of exceptions may be signed, sealed and made a part of the record, which is done.

The errors assigned are:

The court erred in allowing plaintiff below to alter, at the trial, the indorsement on note offered in evidence, by erasing name of James Strain, and substituting name of plaintiff below.

The court erred in allowing plaintiff below to introduce in evidence the note so altered.

The court erred in overruling motion of defendants below for a new trial.

The court erred in overruling motion of defendants below in arrest of judgment.

HOUGH & BASCOM, for Appellants.

STRAIN & BULL, for Appellee.

CATON, C. J. This was an action brought by Maria Cushman against the appellants, upon a promissory note made by them and payable to the order of De Puy, and by him specially indorsed to James Strain, and no indorsement by Strain, either to the plaintiff below or in blank. On the trial, the court permitted Cushman to strike out the name of Strain, and insert her own as indorsee, and this is assigned for error. In this, we think the court erred. In actions upon commercial paper, that is, upon bills of exchange and promissory notes, courts of law have, as far as possible, adapted their rules of proceedings to the principles of equity, so that they may, even upon the trial, allow an equitable holder of commercial paper to invest himself with the legal title by erasing indorsements and filling up blanks in indorsements; but this can only be done where the party proposing so to change the legal title to the paper is shown by the proof, or is presumed by the law, to be the equitable owner of the paper; and the question here, is, whether there is any such presumption of law in favor of the plaintiff below, for no proof was offered on the subject. Where the payee or indorsee of commercial paper has put it into circulation by an indorsement in blank, the law will presume that whoever is found in possession of the paper, holds it rightfully, and he may bring an action upon it, and upon the trial, fill up the blank indorsement with his own name, so as to invest him with the technical legal title, and thus enable himself to maintain the action. So also where commercial paper has been specially indorsed, and is found in the hands of the payee or an intermediate indorser, the law will presume that he has paid the amount of the note to the special indorsee, as it was his duty to do, in case of non-payment of the maker or previous indorser at maturity, and has in that mode become the rightful holder, when he is permitted on the trial to strike out the name of the special indorsee and insert his own, or strike out his own and all subsequent indorsements, so as to invest himself with the legal title to the paper. We have met with no case which has gone further than this, nor do we think that commercial con-

Porter et al. *v.* Cushman.

venience or the safety of parties will permit the principle to be carried beyond this. When the paper is found in the hands of a stranger to it, with a special indorsement, the law cannot presume that it has come rightly into the hands of the holder; that would defeat the very object of the special indorsement, which is to notify the world that it can only be transferred to a stranger by the actual indorsement of the special indorsee; and especially is it notice to the maker, not to pay to any one but the special indorsee. If he pays it to a stranger when he is thus notified that it, *prima facie* at least, belongs to another, he must take the risk of being able to show that the person to whom he paid it, was the rightful holder. When the special indorsee negotiates the paper to a stranger, the presumption must be, that he indorses it, and thus parts with the legal as well as the equitable title to it. If it is found in the hands of a stranger, without such legal transfer, the presumption is, that it has been lost or purloined or otherwise improperly got into circulation. Were the presumption otherwise, the very object of a special indorsement, which is to guard against such accidents, would be defeated, and those safeguards which the law has, for the convenience of commerce, thrown around negotiable paper, would be destroyed. We have met with no case even going so far as to allow a stranger to prove that the indorsee parted with it in the regular course of business, and that the holder came rightfully by it, in order to supply the presumption which the law raises, when the indorsement is in blank, or when it is found in the hands of a previous indorsee; but we now see no good reason why this may not be done in cases of this kind as well as in others. Generally, where a fact may be true, proof of its existence is as satisfactory as any presumption of law in its favor. Here the special indorsee may have parted with it for value, and it may have come to the hands of the holder properly; and when that is proved, it would seem that she ought to occupy as high a position as a party in whose favor the law would presume the existence of the same facts. There was, however, no such proof; and as she was a stranger to the note, which was specially indorsed to Strain, we are bound to presume that he was the equitable as well as the legal owner of the paper, and the court erred in allowing his name to be struck out upon the trial and hers inserted.

The judgment must be reversed and the case remanded.

*Judgment reversed.*