JOSHUA J. MOORE, Plaintiff in Error, *v.* THOMPSON MAPLE, *et al.,* Defendants in Error.

### ERROR TO FULTON.

The equitable holder of commercial paper may invest himself with the legal title to it, by erasing indorsements and filling up blanks in indorsements; but those not having an interest in the paper, cannot do this.

If a suit is brought in the name of a party who has not a claim to the money to be recovered, or who has not a knowledge of the suit, it should be defeated.

THIS suit was commenced in the names of the defendants in error, against the plaintiff in error, in the Fulton Circuit Court, upon a promissory note, executed by plaintiff in error, to the Mississippi and Wabash Railroad Company, which contained several indorsements on the back, as follows:

"Jan'y 14, '58. Pay to the order of
COOPERS & CLARK.
W. N. CLINE,
Gen'l Agent M. & W. R. R. Co."
"Central Division."

"Pay Boston Belting Co. or order.
COOPERS & CLARK."

"Pay J. F. Barnes, Cashier, or order.
BOSTON BELTING CO.,
per John G. Tappan, Treasurer."

"Pay Maple, Stipp & Garwood, or order,
for collection for account of
SPENCER, VIELE & CO."

On the trial a jury was waived, the general issue being pleaded by the defendant below.

The plaintiffs offered the note in evidence, and at the time it was offered it did *not* present the foregoing indorsements, but the words, "Pay J. F. Barnes, Cashier, or order," had a line drawn across them, thereby erasing them; the words, "Pay T. Maple & Co.," were not on the note, and the signature, "Spencer, Viele & Co.," was erased by lines across.

Objection was made to the note as evidence, but overruled, and the same read.

*W. P. Kellogg,* one of plaintiffs' attorneys, then proffered himself as a witness, and testified that he received the note from the Boston Belting Company by mail; that it had been, prior to that time, in plaintiffs' hands; that he commenced the suit in the name of the plaintiffs, and defendant subsequently told him that the plaintiffs had said it was without their authority; that the witness applied to them, and they denied such statement, and assented to the use of their names.

He also testified, that when he received the note, the indorsements and erasures on the back, including the line above the Boston Belting Company, to wit "Pay J. F. Barnes, Cashier, or order," were on the note; that he did not know when or where such erasures were made.

The plaintiffs then asked leave to write the words, "Pay T. Maple & Co." above the words, "Boston Belting Company," which was granted, and to which exception was taken.

This was all the evidence. The court found the issue for plaintiffs. The defendant moved for a new trial, which was overruled, and exception taken.

The plaintiff in error assigns the following errors, to wit:

1. The Circuit Court erred in permitting the note to be read in evidence.

2. The evidence shows that the plaintiffs below had no title to the note at the time of the commencement of the suit, wherefore the Circuit Court erred in permitting the names of plaintiffs to be written as assignees on the note, upon this trial.

3. The Circuit Court erred in overruling the motion for a new trial, and rendering judgment for the plaintiffs below.

W. C. GOUDY, for Plaintiff in Error.

M. S. KIMBALL, for Defendants in Error.

BREESE, J. This case comes within the principle established in the case of *Porter* v. *Cushman*, 19 Ill. 572. We there said, that upon the trial, the court will allow the equitable holder of commercial paper to invest himself with the legal title by erasing indorsements, and filling up blanks in indorsements; but this can only be done when the party proposing so to change the legal title to the paper, is shown by the proof, or is presumed by the law, to be the equitable owner of the paper. Commercial convenience and the safety of parties will not permit the principle to be extended beyond this.

In this case, the plaintiffs were not shown to be the equitable holders or owners of the note. In fact, it appears they had no interest in it whatever, and knew nothing of the suit until after it was commenced, when they assented to it. Not being the owner or holder of the note, they should not have been permitted to fill up the blank indorsement made by the Boston Belting Company. In all cases, a party suing, no matter what may be the subject matter of the suit, must show he had title at the time of the commencement of the suit. This is negatived in this case, by the proof.

The suit being brought in the name of a party who knew nothing of it until after it was brought, who had no claim to the money, and no interest in it, it was the duty of the court, instead of allowing the blanks to be filled, sitting as a jury, to have found for the defendant on that ground alone.

It is going too far, to invest a party, on the trial of a cause, with the legal title to a note, who never had the equitable title or any other title before suit was commenced.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*