Burnap *v.* Cook.

## FRANCIS BURNAP

*v.*

## WILLIAM C. COOK.

1. PARTIES — *plaintiff must have legal title.* The party having the legal title to a promissory note must sue upon it in his own name.

2. And the legal title to the instrument sued upon must be vested in the plaintiff at the time the suit is instituted. If the legal title is in another at the commencement of the suit, the plaintiff cannot afterwards acquire it so as to maintain the action.

3. ASSIGNMENTS IN BLANK — *may be filled up.* But if a party by purchase and delivery, has acquired a note by a general assignment, and sues upon it, he may fill in the indorsement to himself at any time previous to reading it in evidence on the trial.

4. SAME — *presumption of ownership.* A party holding a bill or note with a general assignment, is presumed to be the legal owner of the instrument.

5. SPECIAL INDORSEMENT — *cannot be altered.* But where the indorsement is special, a holder other than the assignee named, has no right to strike it out and write another to himself over the name of the assignor, because the legal title had already vested in the assignee named in the original indorsement.

6. MAKER OF NOTE — *his right to inquire as to legal title.* But in any event, the maker of the note has the right to have a judgment rendered against him in favor of the legal holder, so as to become a bar to a future recovery on the same instrument.

7. CONSIDERATION OF ASSIGNMENT — *cannot be questioned by the maker.* In an action by the assignee of a note against the maker, it is not a question that affects the rights of the parties whether any or what consideration was paid for the note by the assignee. The equities between the assignee and his assignor do not concern the maker.

8. ALLEGATIONS AND PROOFS — *total and partial failure of consideration.* A plea setting up an entire failure of consideration in the note sued upon is not sustained by proof of a partial failure of consideration.

9. FAILURE OF CONSIDERATION — *what constitutes.* It seems if the consideration of a note was a crop of corn, which the payee had sold to the maker, and after hav-

ing received the note the payee appropriated the corn to his own use, there would be a failure of the consideration of the note.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

William C. Cook instituted this action of assumpsit in the court below, against Francis Burnap, upon a promissory note executed by the defendant to James D. Rosenburg, by whom it was indorsed in blank. The defendant pleaded, among other things, the general issue; that the note was assigned after maturity, and that the consideration for the note was the price and value of certain crops growing at date, upon a farm of the defendant in Winnebago county, then in possession of James D. Rosenburg, and he still continuing in possession of the farm, afterwards, to wit: on 1st September, 1859, took, appropriated, removed and carried away the crops; and defendant never had or received any part of the crops, or any benefit from the same, whereby the consideration for the note wholly failed, and the note was assigned after due; a plea was also filed, verified by affidavit, denying that the payee assigned the note to the plaintiff. To the plea of failure of consideration, the plaintiff replied that the consideration for the note had not wholly failed in consequence of the failure on the part of Rosenburg to deliver the crops. The issues being formed, were submitted to a jury. It appears from the evidence that Rosenburg, the payee, sold and delivered the note to Orrin Miller, indorsing it in blank. Miller being desirous of instituting suit upon the note, and for certain reasons, not wishing to sue in his own name, requested Cook, the plaintiff, to allow the suit to be brought in his name, for Miller's use and benefit. To this Cook assented, and the blank indorsement was filled up by writing the following over Rosenburg's name: "Pay to William C. Cook." The plaintiff had no other interest in the note.

The consideration of the note, it seems, was a growing crop of corn, oats, etc., which Rosenburg had planted, sown and cultivated on the farm of the defendant, which was at the time in the occupancy of Rosenburg, together with a dwelling house and

22

sheds which had been erected on the premises. Subsequently to the sale of the property and the execution of the note, Rosenburg, remaining still in possession, appropriated the crops to his own use. Afterwards, and prior to the commencement of this suit, the farm came into the possession of the defendant.

The jury returned a verdict in favor of the plaintiff. A motion for a new trial was denied, and a judgment entered upon the verdict. Burnap, the defendant below, thereupon sued out this writ of error.

The assignment of errors presents two questions: *First*, whether the plaintiff, having no interest in the note, had a right to bring an action upon it; and *second*, whether the evidence sustains the issue on the part of the defendant, under the plea of failure of consideration.

Mr. Francis Burnap, *pro se*, contended that the plaintiff, Cook, could not maintain the action, because he was not the owner, legal or equitable. He had no interest whatever in the instrument, nor was there any delivery to him, either actual or constructive, so as to make him, even technically, the *holder*. An action upon a promissory note can only be brought in the name of one who is legally and technically the holder; and he must have the right of action before the suit is commenced. *Moore* v. *Maple*, 25 Ill. 343; *Porter* v. *Cushman*, 19 Ill. 572; *Olcott* v. *Rathbone*, 5 Wend. 494; *Campbell* v. *Humphries*, 2 Scam. 478; *Kyle* v. *Thompson et al.*, id. 432; 3 Kent's Com. 89; *Marston* v. *Allen*, 8 Exch. 503; 2 Parsons on Notes and Bills, 441–443.

Messrs. Hoyne, Miller & Lewis, for the defendant in error.

It is shown by the proof that the defendant Cook became a *legal owner* of the note for the purposes of the recovery, with his consent, and that he had full knowledge of the commencement of the suit, and authorized its institution. This brings him within all the prescribed conditions of the holder of negotiable paper for the purposes of recovery.

In *Gage* v. *Kendall*, 15 Wend. 640, the holder and owner

of a negotiable note prosecuted the note in the name of *a stranger*, without his knowledge or consent, the owner having filled up the blank indorsement, and the court say that defendant had no concern with that question. He was responsible to the person whose name was inserted in the blank indorsement. Why should he give himself the trouble to investigate the plaintiff's title? He owes the money to some one, and the record protects him from a subsequent recovery, while the mere holder of a note, though having no interest in fact, may sue as trustee for another, &c.

These cases are followed and the principle decided in numerous cases. See 11 Wend. 27; 11 Johns. 52; 15 Johns. 247; 20 Johns. 367; 3 Johns. Cases, 263; 2 Caines, 213; 3 Kent's Com. 78; 4 Wharton, 487.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This court has repeatedly held, that the party having the legal title must sue in his own name. It may, in fact, be regarded as the settled doctrine of the court. *McHenry* v. *Ridgley*, 2 Scam. 310; *Campbell* v. *Humphries*, id. 478. The doctrine has been uniformly maintained and generally acquiesced in for such a length of time, that it should not now be disturbed. As far as the interest of the debtor is concerned, it matters little in whom the equitable or beneficial interest may be vested. That is a question between the holder and beneficiary. The rule is equally well recognized, that the legal title to an instrument must be vested in the plaintiff at the time suit is instituted. Where a party, by purchase and delivery, has acquired a note by a general assignment, and sues upon it, it is held that he may fill in the indorsement to himself at any time previous to reading it in evidence on the trial. But if the legal title is vested in another when suit is commenced, the plaintiff cannot afterwards invest himself with the legal title, so as to maintain the action. *Porter* v. *Cushman*, 19 Ill. 572; *Moore* v. *Maple*, 25 id. 342.

A party holding a bill or note with a general assignment, is presumed to be the legal owner of the instrument, and may

fill the indorsement to himself at any time. But when the indorsement is special, he has no right to strike it out and write another to himself, over the name of the assignor, because the legal title had already vested in the assignee named in the indorsement thus stricken out. But in any event, the defendant has the right to have a judgment rendered against him in favor of the legal holder, so as to become a bar to a future recovery on the same instrument.

In this case the assignment seems to have been complete, and the legal title to the note vested in the plaintiff at the time this suit was instituted. It is not a question that affects the rights of these parties, whether any or what consideration was paid for the note by plaintiff below. The equities between the defendant in error and his assignor, do not concern the plaintiff in error. It appears, from the evidence, that the payee sold the note to Orrin Miller, and indorsed it in blank and delivered it to him. This was proof of title in Miller, or any person who afterwards became the holder by purchase or delivery from the holder. The assignment was filled up with Miller's knowledge and consent, and was properly received in evidence.

There were several pleas of an entire failure of consideration of the note filed by the defendant below. To these pleas there were replications, and issue to the country. On the trial it appeared that the note was given for the purchase of a growing crop, on the farm of plaintiff in error, and a house and sheds, with their appurtenances, which had been erected by the payee or his father. The evidence also all shows that the payee and his father appropriated to their own use the greater part, if not all, of the crops, without the consent of plaintiff in error. If these crops of grain had been the only consideration, the defense might have been complete; but the house, sheds and appurtenances, entered into, and formed a part of the consideration of the note. There is no evidence that plaintiff in error did not receive them, and if so, he received a consideration to that extent, that has not failed. As they were improvements of a permanent character, becoming a part of

the real estate by their erection, and being on his land, the presumption is, that plaintiff in error has received them, and is in their enjoyment.

It is a familiar rule of practice, that the allegation and proof must agree. Now, in this case, the pleas set up one defense, and the proof establishes another. The statute has given them as separate and entirely distinct defenses, and to be rendered availing, under the practice in this State, they must be relied upon as separate defenses. These pleas not being sustained by the evidence, the verdict was warranted, and the judgment of the court below is affirmed.

*Judgment affirmed.*