# JESSE T. NEWMAN *et al.*

v.

# ASHFORD D. RAVENSCROFT.

1. PARTIES AT LAW—*plaintiff.* A suit upon a promissory note must be brought in the name of the party holding the legal title. Where the plaintiff is not the payee, without an assignment of the note he can not recover.

2. BILL OF EXCEPTIONS—*copy of note must be presented by.* This court, as uniformly held, can not look to the copy of the instrument sued on and filed with the declaration, for evidence, but only to the bill of exceptions.

3. The clerk of the circuit court has no power to certify to the note read on the trial, or to any other evidence heard. The evidence can be presented to this court only by a bill of exceptions.

4. Where the bill of exceptions shows that a note or other instrument was read in evidence, and the clerk has inadvertently omitted to copy it in the bill incorporated in the record, he may make a new copy embracing it, or copy that part of the bill of exceptions omitted by him in the previous copy.

5. SAME—*amendment.* Where the original bill of exceptions fails to show that the assignment of a promissory note had been read in evidence, when it had been, the only means of relief to the party is to move the court, when in session, to correct the record by its insertion into the bill of exceptions.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

Mr. JAMES M. EPLER, and Mr. WM. BROWN, for the plaintiffs in error.

Mr. J. T. McMILLAN, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This suit was brought in the name of appellee, and on the trial in the court below he read in evidence a note payable to

Caroline Newman, upon which the judgment was rendered. We have turned to the transcript of the record, and, after a careful examination of the bill of exceptions, we fail to find any assignment of the note was shown or read in evidence. Without an assignment the note could not authorize a recovery by any person but the payee. The payee, until assignment, holds the legal title, and no one else can sue and recover upon it. This is elementary, and needs neither citation of authorities nor reasoning to render it manifest. The averment in the declaration is sufficient to show a legal title to the instrument in plaintiff below, but the fault is, that the evidence, as preserved in the bill of exceptions, fails to prove the averment. As uniformly held by this court, we can not look to the copy of the instrument filed with the declaration, for evidence, but only to the bill of exceptions.

To obviate this difficulty an additional transcript has been filed, certified by the clerk, but it in nowise aids the bill of exceptions. The clerk certifies that a certain note was filed in the circuit clerk's office, in the case, and gives the date of its filing. He then gives a copy of the note set out in the bill of exceptions, and then gives a copy of an assignment which he says is indorsed on the back of the note. It purports to be from Caroline Newman to plaintiff below. The clerk has no power to certify to this, or any other court, the evidence heard on a trial. But he does not, in this case, attempt to do so, as he nowhere says the assignment was ever read in evidence. He could, if the bill of exceptions showed that the indorsement had been read in evidence, and he had inadvertently omitted to copy it in the bill he had previously signed, have made a new copy embracing it, or have copied that part of the bill of exceptions from which the omission had occurred, and embraced the omitted part. But if the bill on file in his office failed to show that the assignment had been read, the clerk was powerless to alter or change the original. If the original failed to show that it had been read,

32—67TH ILL.

when it had been, the only means of relief to the party would have been to have moved the court, when in session, to correct the record by its insertion into the bill of exceptions.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*