## WILLIAM ROSENTHAL v. JOHN S. CHISUM.

EVIDENCE NOT IN BILL OF EXCEPTIONS NOT CONSIDERED.—Evidence offered or introduced on the trial, whether oral or written, forms no part of the record on appeal unless incorporated in a bill of exceptions.

DEPOSITIONS DO NOT FORM PART OF RECORD, WHEN.—Depositions referred to in the bill of exceptions as the "following depositions," but not embodied therein, otherwise than by referring, in. brackets, to certain pages of the transcript certified by the clerk, where the answers, but not the questions, are given, do not form part of the record on appeal for the purpose of reviewing objections to their competency.

"SKELETON BILLS OF EXCEPTIONS."—The authentication of "skeleton. bills of exceptions," containing blanks for the evidence to be filled in by the clerk, is disapproved by this court.

GENERAL OBJECTIONS TO ENTIRE DEPOSITIONS.—The supreme court will not, on appeal, consider general objections to entire depositions appearing in the bill of exceptions, not specifying the particular grounds of objection, although those grounds of objection are pointed out in the assignment of errors.

OBJECTION THAT EVIDENCE INSUFFICIENT TO SUSTAIN VERDICT, NOT CON-
SIDERED, WHEN.—The supreme court will not consider an objection
that the evidence on the trial was insufficient to sustain the verdict
unless the evidence is embodied in the bill of exceptions, and unless it
appears by such bill that the objection was passed upon by the court
below, by overruling a motion for a new trial or in some other way; and
a statement in the transcript certified by the clerk that a motion for a
new trial on that ground was made and overruled is not sufficient.

APPEAL from the district court for Bernalillo county.
The facts, so far as material, appear from the opinion.

*T. F. Conway and J. P. Risque,* for Chisum, appellant.

*Breeden and Waldo, Catron and Thornton,* for Rosenthal,
appellee.

By Court, BRISTOL, J.:

This is an action of assumpsit, brought here by appeal
from a judgment in favor of William Rosenthal, the plaint-
iff below and appellee here, for the sum of two thousand
three hundred and seventy dollars and sixty-eight cents,
rendered by the district court of the second judicial district,
held in and for the county of Bernalillo.    All the errors as-
signed by the appellant relate to what is claimed as im-
proper evidence introduced on the trial of the cause, and
the insufficiency of all the evidence to support the verdict
on which judgment was rendered.

On appeals to this court the statute requires, among other
things, that "a perfect transcript of the record and proceed-
ings in the case, shall be filed here by the appellant."
"That this court in such appeals  *  *  *  shall examine
the record on the facts therein alone, and shall award a
new trial, reverse or affirm the judgment, or give such other
judgment as to them shall seem agreeable to law:" Comp.
Law New Mexico, sec. 6, p. 106.    The statute also provides
that "no exception shall be taken in an appeal to any pro-
ceeding in the district court except such as shall have been
expressly decided in that court:" Id., sec. 5, p. 106.

The first question that presents itself is as to what is the
record, and the proceedings appearing thereon to which ex-
ceptions were taken, and a ruling had thereon in the court

below, and on which error has been assigned in this court.
Nothing is better settled in the law and practice governing
proceedings in an appellate court than that the evidence,
whether oral or documentary and on file, introduced or
offered on the trial of a cause in the court below, is no part
of the record, and can only be made so by incorporating it
in and making it a part of a bill of exceptions: *Newman et
al.* v. *Ravenscroft*, 67 Ill. 496; *Earll* v. *The People*, 73 Id.
329; *Bedee* v. *The People*, Id. 320; *Garrity* v. *Lozano et. al.*,
83 Id. 597; *Russell* v. *Ely et al.*, 2 Black U. S. Sup. C.
580; *Insurance Co.* v. *Lasier*, 5 Otto, 171; *Amelia Cromie et
al.* v. *John Van Nortwick et al.*, 56 Ill. 354. These are a few
of the almost numberless uniform decisions to the same
effect.

The objections raised to the proceedings on the trial of
this cause in the court below relating, as they do, exclu-
sively to the competency and sufficiency of the evidence,
we must look to the bills of exceptions alone for the evidence
from which we are to determine the question whether the
record discloses any error. There are what purport to be
two bills of exceptions appearing in the transcript. The first
is as follows (after entitling the cause): " Be it remembered,
that on the trial of the above-entitled cause, the said plaint-
iff, by his counsel, offered to read in evidence in said cause
the following depositions of Thomas Lanigan and J. M.
Collins (see pages 59, 60, 61, 62, and 63 of this transcript),
to the reading of which the said defendant, by his counsel,
objected, but the court overruled the objection, and per-
mitted said depositions to be read in evidence, to which
ruling of the court the said defendant, by his counsel, did
then and there except, and prays that this his bill of excep-
tions be signed, sealed, and made a part of the record in
said cause, which is done accordingly.

"SAMUEL B. McLIN,      [SEAL]<br>
"Associate Justice."

There are two reasons why no assignment of errors on
this bill of exceptions can be considered by this court:
1. The only objection raised is to the competency of the

depositions to be read as evidence. Before we can rule upon any objection of that kind, the depositions must be made a part of the record. They must be embraced in the bill of exceptions. In no other way can they be considered by the court as of record. The bill of exceptions refers to them as "the depositions," but no depositions follow. True, there is a direction between brackets to see certain pages of the transcript. We turn to these pages and find written there, over the certificate of the clerk, the answers to certain interrogatories, according to their respective numbers. What the interrogatories are, does not appear upon these pages. What is written there relates to a proceeding that took place the day before impaneling the jury and the commencement of this trial. There is no such identification of any depositions as will make them a part of this bill of exceptions.

The idea that the judge in signing and sealing this bill of exceptions, authenticated even this reference to certain pages of a transcript, that was doubtless written by the clerk long afterwards, is quite unreasonable. There was no doubt prepared for the appellant, what is called a skeleton bill of exceptions, for the judge to authenticate by his hand and seal, leaving certain blanks to be filled by the clerk. This doubtless was drafted by counsel and signed by the judge, with the view of having the clerk insert a full and complete transcript of the depositions in the bill of exceptions after the words "following depositions." This was never done so far as the bill of exceptions is concerned. Whatever may be said of the propriety of skeleton bills of exceptions being authenticated by a district judge, with blanks for the insertion by the clerk of certain documents, such as the pleadings in a cause, we desire here to express our disapproval of that mode of authenticating the evidence taken on the trial of a cause.

The other reason why we can not consider any assignment of error on this bill of exceptions, is, there is only a general objection to the reading of depositions claimed to have been offered on the trial by the appellee, without specifying any specific grounds for such objection. This

would be a fatal defect in the bill of exceptions, even if the depositions had been incorporated therein.

The appellant in his assignment of errors in this court, based upon this bill of exceptions, has set out specific grounds of objection.     But can not it be truthfully said that the court below overruled, or in any way decided the particular points now attempted to be raised, and if not, with what propriety can this court be asked to entertain and render a decision thereon under the statute?     The practice is well settled, that general objections of this sort to entire depositions will not be entertained.     This point was decided by the United States supreme court in the case of *Camden* v. *Doremus,* 3 How. 537.     In that case the court say: "A naked statement on the record, that the reading of a deposition or a copy of a record was objected to, and the objection overruled without disclosing the nature or ground of the objection, is nugatory and wholly ineffectual before an appellate court."     One reason is obvious, a general objection to an entire deposition, often comprehending hundreds of folios of reading matter, if allowed in practice, would impose on the court the task of looking through the entire deposition, to discover whether there is in fact any irregularity or incompetency in the evidence.     Appellate courts are not required to perform such an unreasonable task, and do not entertain questions founded on objections of that kind.

The other bill of exceptions appearing in the transcript is as follows: "Be it further remembered, that on the trial of said cause, Thomas B. Catron was called as a witness for said plaintiff and testified that he had seen the said defendant, John S. Chisum, write, and had also had correspondence with him, by which means he had become acquainted with his handwriting, and that from the best of his knowledge and judgment, he believed the name of John S. Chisum, signed to the paper filed in said cause marked 'agreement,' was the genuine signature of the said defendant, John S. Chisum.     The said depositions and the testimony of Thomas B. Catron, as above stated, was all the testimony given in said cause, except the promissory note upon which said suit was founded, and the articles of co-

partnership signed by John C. Wilbur, John S. Chisum,
and W. H. Clark. The said plaintiff, by his counsel, then
offered to read in evidence to the jury, the promissory note
upon which said suit was founded, to the reading of which,
the said defendant, by his counsel, objected, but the court
overruled said objection, and permitted said note to be
read to the jury as evidence. To which ruling of the court,
the said defendant by his counsel, did then and there ex-
cept, and pray that this, his bill of exceptions, be signed,
sealed, and made a part of the record in said cause, which
is done accordingly.

> "Sam'l B. McLin,          [seal]
>          "Associate Justice."

In this bill of exceptions but one question is presented,
and that is in regard to the reading of a promissory note as
evidence on the trial of the cause, and the ruling of the
court below, on a general objection to its being read as
evidence to the jury. There are two reasons why no as-
signment of errors founded on this bill of exceptions can be
considered by this court. They are the same that we have
already given in regard to the bill of exceptions first above
mentioned. Before we can pass upon the competency of
the note as evidence, it must be found in the record. It is
not incorporated in any bill of exceptions, and therefore is
not before us. In the case of *Garrity* v. *Lozano et al.*, 83
Ill. 597, already referred to, the court said: "Copies of in-
struments sued on, copies of accounts, and affidavits filed
in an action at law, are not parts of the record, unless so
made by being embodied in a bill of exceptions." We con-
cur in this part of the opinion of the court given in that
case, because in a few words it expresses with precision
what we understand the law and practice to be. Numerous
decisions of the supreme court of the United States are to
the same effect.

One of the assignments of error on behalf of the appel-
lant is in effect that all the evidence before the jury on the
trial of the cause is wholly insufficient to sustain the ver-
dict. There are several reasons why we can not sustain

this assignment of error. One is that the record does not show that the objection was ruled upon by the court below. There are two modes by which a decision may be obtained upon a point of this kind. One is to interpose a motion upon the conclusion of the testimony for the plaintiff, for judgment for the defendant, on the ground that there is no evidence sufficient to warrant a verdict for the plaintiff. The other is a motion for a new trial on the same ground. The record does not disclose the fact that this point was decided by the court below, in either of these or any other proceeding. It is true that the clerk certifies, in his transcript, that a motion for a new trial was made on certain grounds, was overruled, and an exception taken. This does not bring the proceeding upon the record for the purpose of review by this court. It must be by bill of exceptions duly authenticated by the signature and seal of the presiding judge: *Insurance Co.* v. *Lasier*, 5 Otto, 171.

Even if this had been done, no ruling upon the merits could be made by this court, because the evidence is not before us. It is clear that where error is assigned on the verdict of a jury, on the ground of insufficient evidence, the evidence itself, and all the evidence received on the trial, must be embodied in a bill of exceptions and duly authenticated by the seal of the presiding judge: *Simpson* v. *Norton*, 45 Me. 281; *Russell* v. *Ely et al.*, 2 Black, 280; *Schmidt, Adm'x*, v. *Chicago and Northwestern R. R. Co. et al.*, 83 Ill. 405; Hilliard on New Trials, sec. 10, p. 28.

In this case there is no pretense, by counsel for the appellant, that two of the most important items of evidence, the note sued on, and the articles of copartnership, anywhere appear of record by bill of exceptions. We can not but express our regret that such of the proceedings in the court below were not placed upon the record as would have enabled us to dispose of the case upon the merits. Not being upon the record before us, they are presumed to be regular, and can not be disturbed. We feel obliged, therefore, though with great reluctance, to affirm the judgment.

The judgment is affirmed.