## Farber v. National Forge & Iron Co., Insolvent, Gilbert B. Shaw, Assignee et al.

1. JUDGMENT IN BAR—*On a Note Before Maturity.*—A judgment for the defendant in a suit brought upon a promissory note before the same is due, is not a bar to an action thereon brought after the note becomes due. There is no cause of action upon a note not due; the cause of action upon a past due note can not, therefore, be said to be the same as that brought on the same note before it became due.

2. PRACTICE—*What is an Appearance.*—In a suit against a corporation in Indiana, the following paper was filed in the case:

(Title. etc.) " The defendant for answer to the complaint in the above entitled cause and " file under," denies each and every allegation therein set forth and contained.

W. S. FOREST,

Defendant's Attorney."

In the absence of evidence showing it to be an appearance in the suit, *it was held* to furnish no basis for a judgment against the defendant.

3. ESTOPPEL — *By Judgment.* — Estoppels by judgment must be mutual.

4. INSOLVENT CORPORATIONS—*Power to Enable a Party to Obtain Judgment.*—An insolvent corporation can not, by a voluntary appearance in an Indiana suit, enable a party to obtain judgment against it that will be binding in the insolvency proceedings begun by the making of its assignment previously thereto, in Illinois.

5. PROMISSORY NOTES—*Bona Fide Holder.*—A person holding a promissory note with a blank indorsement is presumed to be the legal holder, and in the absence of proof to the contrary, is presumed to have taken it before maturity for value and *bona fide.*

**Memorandum.**—Assignment for the benefit of creditors: In the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Allowance of claims; appeal by claimants. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed May 24, 1893.

APPELLANT'S BRIEF, MERRIAM & BAUM, ATTORNEYS.

A party holding a note with a blank indorsement, is presumed to be the legal holder. Burnap v. Cook, 32 Ill. 168; Depuy v. Schuyler, 45 Ill. 306; Palmer v. Bank, 78 Ill. 380; Best v. Nokomis Bank, 76 Ill. 608; Woods v. Hynes, 1 Scam. 103; Mulford v. Shepard, 1 Scam. 583.

In order to constitute a matter *res judicata*, there must be a concurrence of four conditions, viz.:

1. Identity of subject-matter.
2. Identity of cause of action.
3. Identity of persons and parties to the action.
4. Identity in the quality of the persons for or against whom the claim is made. Freeman on Judgments, Sec. 252; Chicago v. Cameron, 22 Ill. App. 106; Binz v. Hims, 3 Kas. 397; Atchison, T. & S. F. R. R. v. Commissioners, 12 Kas. 135; State v. Jumel, 30 La. Ann. 861; Bouvier's L. D., title, Res Judicata; Slocomb v. De Lizardi, 21 La. Ann. 355; Anderson's L. D., Adjudicatus.

MORAN, KRAUS & MAYER, attorneys for appellees.

OPINION OF THE COURT, WATERMAN, J.

The National Forge and Iron Company made its six promissory notes, all except one payable ninety days after their respective dates to the order of M. J. Stern; said notes being of the following dates, and amounts:

|  |  |  |  |
|---|---|---|---|
| May 21, 1891, one note for | | | $1,846.91 |
| June 11, 1891, " " " | | | 1,768.45 |
| June 24, 1891, " " " | | | 1,268.85 |
| July 9, 1891, " " " | | | 2,232.44 |
| *July 22, 1891, " " " | | | 1,528.69 |
| July 23, 1891, " " " | | | 2,584.85 |
| Total, | | | $11,321.19 |

(*This note was payable sixty-three days after date.)

August 8, 1891, the National Forge and Iron Company made its voluntary assignment for the benefit of its creditors to Gilbert B. Shaw, assignee, in the County Court of Cook County, Illinois, who took possession of such of the assets of the Forge Company as were in Illinois.

August 17, 1891, before their maturity, the notes were transferred by Stern to A. S. Farber. Farber then knew the Forge Company was insolvent, but claims to have bought the notes for $3,000 " on speculation upon the dividend, this (the Forge Company) estate might pay." "At that time," he says, "everybody said the National Forge and Iron Company would pay fifty cents on the dollar." As consideration for the Forge Company's notes Farber gave Stern (his brother-in-law), who was then insolvent, a note of his mother, Mrs. Fannie Farber, for the sum of $3,000. A. S. Farber was the secretary and treasurer of the Northwestern Iron and Metal Company, and directed its president, Katlinsky, to give Stern a check for $3,000 on presentation of the note of Mrs. Farber. This was done on August 17, 1891, and at the same time the Forge Company's notes were delivered to Katlinsky for Farber.

The National Forge and Iron Company, although an Illinois corporation, had a large plant and did business in Lake county, Indiana, and on August 28, 1891, A. S. Farber, the appellant, began proceedings in the Circuit Court of Lake County, Indiana, to collect the Forge Company's notes held by him. The complaint of A. S. Farber, in the Indiana case, was upon the six notes above described and prayed damages to the amount of $12,000. It is said, that, incidentally to the Indiana case, property of the Forge Company in Indiana was attached. It is also claimed, that in that litigation, the Forge Company appeared and answered.

August 3, 1892, in the Indiana case, the court found against the plaintiff, Abram S. Farber, and judgment was rendered by the Indiana court, that "the plaintiff, Abram Farber, take nothing by his complaint," and defendants recover costs, etc., which judgment stands unreversed.

Farber's suit in Indiana having been instituted August

28, 1891, subsequently, on November 9, 1891, he filed his claim against the Forge Company in the insolvency proceedings in the County Court of Cook County, Illinois. To this claim the judgment rendered against Farber in Indiana was offered in evidence in bar. The trial before the County Court resulted, January 21, 1893, in an order disallowing the claim for want of equity, from which order this appeal is prosecuted.

When suit was brought by appellant in Indiana, on the notes in question, but one of them was due.

A judgment for the defendant in a suit brought upon a promissory note before the same is due, is not a bar to an action thereon brought after the note becomes due. Crabtree v. Welles, 19 Ill. 55; Smalley v. Edey, 19 Ill. 207; Merrin v. Lewis, 90 Ill. 505; 1 Chitty's Pl. 198.

There is no cause of action upon a note not due; the cause of action upon a past due note can not therefore be said to be the same as that brought on the same note before it became due.

The judgment of the Indiana court as shown by the record, could only be a bar to the first note.

It does not appear from the record that the Indiana court ever had jurisdiction of the defendant, the National Forge Company, in the suit brought by appellant. Appellant brought suit on these notes in Lake county, Indiana; but it does not appear that there was any service upon the defendant or that it ever appeared.

The following is claimed to be an appearance by the Forge Company in appellant's suit in that court:

" ANSWER.

State of Indiana, } ss.
County of Lake, }

Lake Circuit Court, September term, 1891.

Chicago Machine & Power Co.
              against              } Answer.
National Forge & Iron Company.

File under of ————————————

The defendant, for answer to the complaint in the above

entitled cause and 'file under' denies each and every allegation therein set forth and contained.

W. S. FOREST,

Defendant's attorney.

Filed December 17, 1891.

GEORGE M. EDER, Clerk."

The foregoing is not shown to be an appearance in the suit by appellant; it furnished no basis for a judgment in favor of appellant against the defendant, and consequently as no judgment could have been rendered in favor of appellant against the defendant, one in its favor is no bar to the plaintiff. Estoppels by judgment are mutual. Bigelow on Estoppel, 113.

After the making of an assignment the insolvent can not voluntarily do anything to affect his estate.

The insolvent corporation could not by a voluntary appearance in court, December 17th, enable a party to obtain judgment against it that would be binding in the insolvency proceedings begun by the making of its assignment in Cook county, August 8th.

It was immaterial whether the appellant gave value for these notes or a worthless piece of paper. It did not appear that the insolvent would have any defense to them in the hands of the payee. Appellant at least took all the right and title the payee had; holding these notes with a blank indorsement, he is presumed to be the legal holder, and in the absence of proof to the contrary, is presumed to have taken them before maturity for value and *bona fide*. Burnap v. Cook, 32 Ill. 168; Depuy v. Schuyler, 45 Ill. 306; Palmer v. Bank, 78 Ill. 380; Berk v. Bank, 76 Ill. 608; Milford v. Shepard, 1 Scam. 583; Mobley v. Ryan, 14 Ill. 51.

The judgment of the County Court is reversed and the cause remanded.