## Weber Wagon Company v. City National Bank of Cairo.

1. CONSIDERATION—*Pleadings and Proof.*—Under a plea of a total want of consideration, proof of a partial want of consideration is not admissible.

Assumpsit, on a promissory note. Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed October 22, 1896.

THORNTON & CHANCELLOR, attorneys for plaintiff in error.

Gilbert Brothers, attorneys for defendant in error; Mc-Murdy & Job, of counsel.

Mr. Justice Gary delivered the opinion of the Court.

The bank sued the wagon company, the cause of action being as follows:

"$360.09.                                   Chicago, August 12, 1893.

December 12, 1893, after date, we promise to pay to the order of Carey-Halliday Lumber Company, three hundred and sixty and 9-100 dollars, at Merchants National Bank, Chicago, value received.

No. 687.                    Weber Wagon Co.,

Due, 12–12–1893.           W. H. Weber, Secy. and Treas."

Indorsed as follows:

"Pay City National Bank of Cairo, Illinois, or order, for account of Carey-Halliday Lumber Co.

                                   Per C. S. Carey, Pres."

The wagon company pleaded a total want of consideration for the note, and notice to the bank thereof at the time of the indorsement.

On the trial the company offered to prove a partial want only.

We need not go into the general question of the effect of restrictive indorsements. The brief of the wagon company admits that "a restrictive indorsement gives the indorsee the right to collect the bill, and to sue any party thereto that his indorser could have sued."

We assume that, because the indorsement was restrictive, the wagon company could make against the bank any defense good against the lumber company.

But if the lumber company were plaintiff, under a plea of total want of consideration, proof of a partial want would not be admissible. Burnap v. Cook, 32 Ill. 168.

One plea is in bar of the whole action; the other to limit the amount of recovery.

This view of the case makes all other questions in it of no importance.

The judgment is affirmed.