### Edward Maher v. First National Bank of Laramie.

1. PROMISSORY NOTES—*Payee—Descriptio Personæ.*—A promissory note payable to " T. C. Estee for the First National Bank " is the same as if payable to T. C. Estee for the use of the bank. The legal title to the note, without indorsement thereon, is in T. C. Estee, and not in the bank, and he alone can maintain an action upon it.

Assumpsit, on three promissory notes. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed March 5, 1901.

ROBERT F. KOLB, attorney for appellant.

J. W. COCHRAN, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

This case is assumpsit on three promissory notes made by appellant, dated April 15, 1897, payable to the order of " T. C. Estee for First National Bank, Laramie, Wyo.," aggregating $639.50.

The suit was begun in the name of Tully C. Estee for the use of the First National Bank of Laramie, Wyoming, as plaintiff, and the original declaration, consisting of three special counts and the common counts counting on the notes in the name of T. C. Estee, for use, etc., as plaintiff. A general demurrer was interposed by appellant to the special counts, which was sustained, and leave given to amend, whereupon an amended declaration was filed, which is the same as the original, except that the " First National Bank of Laramie, Wyoming," is named as plaintiff. The defendant pleaded the general issue to the declaration as amended, and three special pleas, the second plea being that there was no consideration for the notes. A demurrer to the third plea was sustained and the fourth plea withdrawn. Issue was joined on the other two pleas and the trial before the court and a jury resulted in a judgment in favor of the appellee, the bank, from which the appeal is taken.

The only evidence heard was that on the part of the plaintiff, consisting of the three notes above mentioned, each of which were objected to for the reasons, among others, that the notes showed no sufficient title thereto in the plaintiff, and that according to the notes, the suit was not begun by the proper plaintiff and in the name of the proper plaintiff.

We are clearly of the opinion that the objections made to the introduction of the notes in evidence should have been sustained. As we have seen, the suit is in the name of the First National Bank as plaintiff. The notes are payable to " T. C. Estee for First National Bank," which is the same as if they were payable to Estee for the use of the bank, and have no indorsements thereon. Hence the legal title to the notes is in T. C. Estee and not in the bank. The legal title being vested in Estee, he alone could maintain an action thereon. McHenry v. Ridgely, 2 Scam. 309; McConnel v. Thomas, 2 Scam. 314; Burnap v. Cook, 32 Ill. 168, and cases cited; Newman v. Ravenscroft, 67 Ill. 496; 2 Parsons on Notes and Bills (2d Ed.), 451; 2 Daniel on Neg. Insts., Sec. 1185; Story on Prom. Notes, Sec. 125.

But for appellee it is claimed that the suit, having been begun originally in the name of Estee for the use of the bank, the appellant having demurred to the declaration and the demurrer having been sustained and the declaration amended so as to make the bank the plaintiff, appellant is estopped from claiming that there could be no recovery by the bank, and from objecting to the introduction in evidence of the notes, or in other words, that appellant will not now be heard to take an inconsistent position from what he did on the demurrer. We think the position is not tenable. The record fails to show what position the defendant took on the demurrer, or what was the reason of the court for sustaining the demurrer to the original declaration, and therefore it can not be determined from this record that appellant has taken an inconsistent position. The record not sustaining appellee's counsel in the contention that appellant has taken inconsistent positions, his authorities in

that regard are not applicable. We are at a loss to know on what ground the demurrer to the original declaration was sustained and why the objections to the notes were not sustained.

The contention that Estee is bound by the judgment of the court on the demurrer and could not sustain an action upon these notes, is not sound. The order sustaining the demurrer is not final, leave having been taken to amend, and Estee, by the amendment, being dropped out of the case.

From this record alone, it would seem that the appellant has relied upon a technicality; but his position is sustained by the settled law, on which he had a right to rely, and he could reserve for another hearing the defense of want of consideration presented by his second plea.

The judgment is reversed and the cause remanded.