C. W. GOODRICH

*v.*

CITY OF MINONK.

</div>

| 62 | 121 |
|----|-----|
| 129 | 221 |
| 62 | 121 |
| 39a | 22 |
| 62 | 121 |
| 150 | 610 |
| 151 | 457 |
| 62 | 121 |
| 51a | 585 |

1. SPECIAL ASSESSMENT—*lands not adjoining improvement.*   Under the act
of 1854, providing the mode of collecting assessments of cities and towns
for certain purposes, the corporate authorities of towns have the power to
assess real estate for benefits it may derive by ditching and tiling a street,
although it may not adjoin the ditch.

2. SAME—*uniformity in assessments.*   On application for judgment against
certain land for the sum assessed for benefits from improving a ditch near
the same, the owner objected that other land through which the ditch passed
was not assessed, and offered to prove that such land was benefited by the
ditch : *Held,* that proof that such other land was benefited by the original
ditch was irrelevant, the assessments being made only for leveling and im-
proving the same.

3. SAME—*notice of application for judgment.*   In this case it was also objected
that the collector's notice of the application for judgment was deficient, in
not stating that an order of sale would be asked.   There was, however, per-
sonal notice to the land owner of the application for judgment, and he
appeared and filed objections.   This was held sufficient to give the court
jurisdiction.

4. SAME—*proof of notice by commissioners.*   The act of 1854, relating to
assessments by cities and towns, authorizes the town or city council to fix by
ordinance or resolution the time and kind of notice of assessments ; and when
a town ordinance prescribed the form and kind of notice, and required the

commissioners to attach to the assessment roll an affidavit of the giving of such notice, it is not error to receive such affidavit in evidence to prove the posting of notices of the meetings of the commissioners.

5. SAME—*evidence—collector's return.* On application for judgment by a city for special assessments, the court received in evidence the collector's delinquent list : *Held,* no error, as the delinquent list is nothing more than the officer's return, which he makes under his official oath, and is conclusive evidence of the facts which he is required to state in it.

6. SAME—*proof as to payment.* It is also competent to prove by the city clerk that such assessments have not been paid since the return to him of the collector's warrant, but it seems not necessary, as the fact of payment should be shown affirmatively by the land owner.

7. EVIDENCE—*practice—opening case.* It is purely a matter of discretion with the court trying a case whether it will admit new or further evidence after the testimony has been closed and the argument commenced.

8. BILL OF EXCEPTIONS—*presumption as to evidence.* When the bill of exceptions does not purport to contain all the evidence, it will be presumed that there was other evidence heard sufficient to justify the action of the court below.

9. When the bill of exceptions did not purport to set forth all the evidence, the party in vacation procured the certificate of the judge who tried the case, without notice to the adverse party, that no other evidence was heard : *Held,* that such certificate was no part of the record, and could not be considered by this court.

10. BILL OF EXCEPTIONS—*amending.* The party taking a bill of exceptions on discovering that it is imperfect in not stating that it contains all the evidence, should, on proper notice, apply in open court to have it amended, and then the amended record can be filed in this court.

APPEAL from the Circuit Court of Woodford County ; the Hon. S. L. RICHMOND, Judge, presiding.

Messrs. CHITTY & GARATT, for the appellant.

Mr. M. L. NEWELL, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the Circuit Court of Woodford County to reverse a judgment rendered against appellant's lot of ground in the city of Minonk, assessed for the improvement of a certain ditch theretofore constructed by the city

authorities. Appellant had due notice of the assessment and of all the preliminaries required by the statute to authorize a judgment. By the act of 1854, Session Laws, section 2, it is provided, in all cases where assessments have been or may hereafter be made by the corporate authorities of any town or city in this State, on any lot or real estate in such town or city, for the purpose of improving any street, sidewalk, or alley in front of such lot or real estate, or for any purpose whatever, either by ordinance, resolution, or other proceeding, and such assessment is not paid within the time fixed by the order, resolution, or ordinance making the assessment, the corporate authorities may apply to the county court for judgment against the lot for the amount of the assessment and costs.

An order was duly entered of record by the city council on the 3d of September, 1869, directing that " the main ditch running on the east side of Chesnut street, from the calaboose, north to Stoddard and Newton's crossing, be completely leveled with sumps, and tiled with twelve-inch tile, and that upon completion thereof an assessment be made upon the lots, premises, and real estate in said city benefited thereby, for the special benefits to said lots, premises, or real estate, arising from said ditch.

The sum of twenty dollars was assessed on appellant's lot, and he complains that his lot did not adjoin this ditch, and seems to confound this improvement as ordered by the city council with the improvement of a street, sidewalk, or alley, which the lot to be assessed, must adjoin or front upon.

This is a mistaken view. The power to make this assessment is fully conferred by that portion of the act of 1854, which we have quoted.

Appellant next complains that the real estate of the Illinois Central Railroad Company, which this ditch passes through, was not assessed.

The assessment was not for making the ditch, but for improving it, and the record does not show the real estate of this company was specially benefited by this improvement.

Appellant, however, insists that he offered to prove by a

competent witness, that this railroad company was greatly benefited by the construction of this ditch, and the court rejected the testimony.

When it is recollected that the assessment was for tiling this ditch and leveling it with sumps, any testimony as to benefits arising from its original construction was irrelevant, and was properly rejected.

It is further complained that the collector's notice of application for judgment in the county court was insufficient, and the court could not legally enter an order for the sale of the lot, the notice not having stated that an order of sale would be asked for.    Reference is made to *Charles* v. *Waugh,* 35 Ill. 315.    In that case there was no personal notice upon the owner, nor appearance by him.    In this case there was personal notice, an appearance entered, and objections filed. Appellant was in court, subject to any judgment the court might pronounce.    The act of 1854 leaves it discretionary with the corporate authorities as to the time and kind of notice of the application to the county court, and therein differs from the general revenue law, which gives the form of the notice, and under which the case of *Charles* v. *Waugh, supra,* was decided.

It is further objected by appellant that after the testimony was closed, and the argument had commenced, the court, against the objection of appellant, allowed the plaintiff to introduce the charter of the city of Minonk.

This was merely matter of discretion with the court, with which we would not interfere.    *Young* v. *Bennett,* 4 Scam. 43.

It is also insisted that the court erred in receiving in evidence the notice and affidavit of Morris, as to the posting of notices for the meeting of the commissioners to make the assessment.

Under the act of 1854 full power is given the city council to fix, by ordinance or resolution, the time and kind of notice of assessment.    The seventh section of the ordinance passed by the city council on this subject prescribes the form and kind of notice, and provides "that the commissioners

shall attach to the assessment roll an affidavit of the giving of said notice as aforesaid."

When this affidavit is attached to the assessment roll, it necessarily becomes a part of it, and when the roll was in evidence the affidavit of posting the notice was at the same time in evidence, and being attached to the roll by the commissioners it became, under the authority of the *City of Ottawa* v. *Macy et al.* 20 Ill. 421, to all necessary intents, a certificate.

But independent of all this there might have been testimony before the court of the kind required by appellant. Some witness may have been sworn to the fact of posting the notice. The bill of exceptions does not purport to contain all the evidence, and we have a right to presume the court had evidence before it of a witness who performed the act of posting.

It is insisted by appellant, that the record does contain all the evidence and this is manifested by the certificate of the judge who tried the cause, given after he signed the bill of exceptions, and without notice to the opposite party, and in vacation.

This certificate is no part of the record, and can not be used to enlarge the bill of exceptions or change it in any way; and it can not be considered by this court.

The party taking the bill of exceptions, on discovering its imperfection, should, on proper notice, apply in open court to have it amended. The amended record could then be filed in this court. *Wallahan* v. *The People*, 40 Ill. 103

The other objections as to receiving in evidence the assessment roll and the delinquent list are answered by what has been said as to the notice. The delinquent list is nothing more than the collector's return, which he makes under his official oath, and is conclusive of the facts which he is required to state in it.

A special assessment not being a tax, the article of the ordinance cited by appellant has no application.

It has been uniformly held by this court, that the col-

lector's warrant, and return thereon, are conclusive of the facts stated in them. *City of Ottawa* v. *Macy, supra; Taylor* v. *The People,* 2 Gilm. 351.

We see nothing in any other objection urged demanding special notice. It was competent to prove by the city clerk that since the return of the warrant to his office, and before judgment, appellant had not paid the assessment against his lot; but the fact of payment should be made out by appellant himself.

We fail to perceive on what ground it can be insisted that the judgment against appellant was not in accordance with the law and the evidence. The assessment in question was not made on the basis of prospective benefits, but was made to pay for work already done in obedience to an ordinance of the city council, which they had ample authority to pass.

From a careful consideration of the points made, and of the evidence, we can discover no error in the proceedings, and accordingly affirm the judgment.

*Judgment affirmed.*