The State vs. Clark.

THE STATE, Respondent, vs. CLARK, Appellant.
SAME, Respondent, vs. SAME, Appellant.

*October 19 — November 3, 1886.*

*(1, 2) Appeal to S. C.: Bill of exceptions: Finding unsustained by evidence: Amendments. (3) Fond du Lac county court: Jury trial: Waiver: When case is " called for trial." (4) Widening highway: Removal of fences: Encroachment.*

1. The trial court found that a certain notice was served December 4, 1883. The only evidence on the subject in the bill of exceptions was that it was served May 6, 1883. The trial judge refused to certify that such evidence was a mistake or that other evidence was given showing service on December 4. *Held*, that the finding was wholly unsupported by the evidence.

2. If, after the time for settling a bill of exceptions has expired, the bill is sent back, on the application of one of the parties, for correction, it is then open to amendments proposed by either party to make it conform to the facts.

3. Under secs. 2477, 2478, R. S., as amended by ch. 86, Laws of 1880, an action is not to be deemed " called for trial" when it is merely called at the opening of court on the first day of the term for the purpose of ascertaining in a general way what cases are for trial at the term; and a party does not waive a jury trial by a failure to demand it at that time.

4. *Per* TAYLOR, J. Where an order is made merely widening a highway already existing, the method to be pursued for the removal of fences thereby brought within the limits of the highway, is that prescribed by sec. 1284, R. S.; and proceedings cannot be taken under secs. 1330, 1331, R. S., to charge the owner with the penalty for not removing an encroachment.

APPEALS from the County Court of *Fond du Lac* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

These actions were brought in a justice's court of Fond du Lac county to recover the penalty prescribed by sec. 1331, R. S., for not removing a fence, which it is alleged was an encroachment upon a public highway in the town of Eden, in said county of Fond du Lac. The defendant appeared, and answered the complaints by general denials. Judgments were rendered against the defendant in said justice's court. From such judgments he appealed to the county court of said county. Upon a re-trial in said county court judgments were again rendered against him in said last-named court, and from the judgments in the county court appeals were taken to this court.

The trials in the county court were by the court without a jury. The county judge made and filed the following findings of fact:

"1. That there was a certain highway in the town of Eden, said county, duly laid out and recorded by order of the board of supervisors of said town, described as follows, to wit: Beginning at a point on the town line between Byron and Eden, thence east on the line between the north half and south half of section number 30, to the section line between sections 29 and 30, in said town of Eden, through lands owned by George Lloyd, Francis McGinity, Thomas Ward, Bernard Callahan, Patrick Brennan, and the defendant, *James Clark;* that the highway over the premises aforesaid was originally by the order of the supervisors of said town in the year 1849.

"2. That said highway has been used by the public for the purpose of traveling thereon for more than twenty years last past.

"3. That while said highway was being used and occu-

pied by the public as aforesaid, to wit, on the 28th day of April, 1883, the supervisors of said town of Eden duly and lawfully made an order widening said highway, through the lands hereinafter described, one and one-half rods from the center of said highway.

"4. That afterwards, to wit, on the 4th day of December, 1883, the supervisors of said town caused a notice in writing to be served upon the said *James Clark*, the defendant named herein, requiring and demanding of him that he remove his fence within the limits of said highway, as laid out and widened as aforesaid, upon the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of section 30, town 14, range 18, within forty days after the service of the notice upon him, and at the same time served the order of widening the highway as aforesaid upon the defendant.

"5. That the proceedings had in relation to the widening said highway as aforesaid were duly filed in the town clerk's office in the town of Eden.

"6. That the defendant neglected and refused to move his fence from within the limits of said highway as widened, for the space of sixteen days, to wit, from December 24, 1884, to January 10, 1885; that, as a conclusion of law, the defendant, *James Clark*, forfeits the sum of fifty cents a day between the dates last aforesaid to the plaintiff herein."

To each separate finding of fact the defendant duly excepted. Upon such findings the court rendered judgment against the defendant, in the one case for the sum of $8.50 penalty, and $42 costs, and in the other for the sum of $147 penalty, and $56.71 costs.

[After the papers had been transmitted to the supreme court, on motion of the respondent's attorneys the bill of exceptions was sent back to the county court for correction.]

For the appellant there were briefs by *Gerpheide & McKenna*, and oral argument by *Mr. McKenna*.

For the respondent there were briefs by *Duffy & McCrory*, and oral argument by *Mr. Duffy*.

TAYLOR, J.   The appellant alleges as error on the hearing in this court,— (1) that the fourth finding of fact by the court is wholly unsupported by the evidence; and (2) that the county court erred in refusing to give the defendant a jury trial, and holding that the defendant had waived his right to a jury trial because he did not demand such trial on the first day of the term at which the case was tried.

The county judge finds, as a fact, that notice to remove the fence in question was served on the defendant on the 4th day of December, 1883.   The only evidence in the record which at all tends to show when such notice was in fact served is in the testimony of the witness G. V. Thomas, and he testified that such notice was served on the 6th day of May, 1883.   It is urged by the learned counsel for the state that this evidence is clearly a mistake.   If it was a mistake, and there was evidence before the court on the trial showing the service of the notice on the 4th of December, 1883, as claimed by the respondent's attorney and as found by the court, then it was clearly the duty of the judge who tried the case to have so certified when his attention was called to the fact on the application to correct the bill of exceptions upon that point.   The learned judge having declined to certify that the evidence of Thomas was a mistake, or that there was any other evidence showing that such notice was served on the 4th of December and not on the 6th of May, 1883, we must hold that the exception to that finding of fact was well taken, and that it is wholly unsupported by the evidence.   Striking out that finding and the evidence of Thomas above referred to, there is no evidence in the record showing when the notice was served.

If the notice was in fact served on the 6th of May, 1883, then it is clear that such notice is a void notice and did not set the time running against the defendant within which he was by law required to remove his fence.   The statute is clear that a party cannot be required to remove his fences from within the boundaries of a highway at any time be-

tween the 1st day of April and the 1st day of November in any year, and a notice which requires him to remove such fences within such dates is a void notice. See sec. 1337, R. S., and *State v. Egerer,* 55 Wis. 527.

The learned counsel for the state insists that this court should not consider the second question urged by the appellant, viz., that the defendant was refused a jury trial, because he says that question is not properly raised by the bill of exceptions. It is true, the bill of exceptions, as originally signed and returned to this court, did not raise the question; but upon motion of the attorneys for the state the record was returned to the county court for the purpose of correction, and after it was so returned the county judge corrected it in some respects as requested by the counsel for the state; and also, upon request of the counsel for the appellant, he inserted in said bill of exceptions the following: " *The County Court of Fond du Lac County.* May Term, 1885. Commenced May 11, 1885. When the above cause was called for trial, and before any proceedings were had therein, the defendant demanded a jury trial, which motion and demand was denied for the reason that no jury was demanded on the first day of the term; and the defendant, by his counsel, then and there duly excepted to the ruling of the court denying the said motion."

The learned counsel for the state moved this court to strike said statement out of the bill of exceptions, because it was improperly inserted therein. The grounds of the motion were that it was inserted after the time to settle the bill had expired, and without notice to the respondent to have the bill amended in that respect. The testimony of the attorney for the appellant shows that he applied to have the bill amended in this respect at the same time the counsel for the respondent applied to have it amended in respect to other matters, and that the judge allowed his amendment at the same time the amendments were allowed

on the application of the respondent, but for some reason it was not inserted in the bill or certified to by the judge until a day or two after the other amendments were inserted and certified. As the bill was sent back to be corrected after the time for settling it had passed, on the application of the attorneys for the respondent, it was open for the purposes of any amendment proposed by either party which would make it conform to the facts. As the counsel for the respondent do not deny but that the statement made by the court is in accordance with the fact, we see no reason for striking it out.

We will therefore pass upon the question raised by the learned counsel for the appellant, viz., Was it error to refuse the appellant a jury trial? He was certainly entitled to a jury trial unless he had waived it in the manner prescribed by law. See sec. 5, art. I, Const.

By law the party to an action in the county court of Fond du Lac county waives the right to a trial by jury (1) when he does not demand a jury when the action is called for trial; and (2) if the trial of an action shall be set down for a particular day, then he must demand a jury at the time the same is so set down for trial. See sec. 2478, R. S., as amended by ch. 86, Laws of 1880. This case was not called for trial until the 13th of May, 1885. Sec. 2477, which regulates jury trials in the Fond du Lac county court, as well as other county courts, as amended by ch. 86, Laws of 1880, reads as follows: "If a jury shall not be demanded by either party when the action shall be called for trial, or, if the trial of an action shall be set down for a particular day, then at the time the same is so set down for trial, a jury trial therein shall be deemed to have been waived, and such action shall be tried by the court unless the court shall otherwise direct." The first part of sec. 2478, as amended, reads as follows: "If any party to an action triable by jury, in any such courts, . . . shall, at the

time such action is called or so set down for trial, demand, in open court, a trial by jury therein, the clerk shall draw from the names in the jury-box," etc., prescribing how a jury shall be drawn in such case.

It seems to us these sections can have but one construction. The party waives his right to a jury trial when he fails to demand a jury when the action is called for trial or at the time the action is set down for trial on a particular day. The words in sec. 2478, "shall at the time such action is called," must be construed in connection with the words in sec. 2477, "when an action shall be called for trial," and they should not be construed to mean a mere calling of the case at the opening of the court on the first day of the term, as is usual in courts, for the purpose of ascertaining in a general way what cases are for trial at the term. We think, from the statement made by the county judge in the bill of exceptions, the appellant had done nothing to waive his right to a jury trial when the action was called for trial on the 13th of May, 1885, and that it was error to refuse a jury trial in the action. For the two errors above stated the judgments in the two cases must be reversed.

After a careful consideration of the facts in this case and of the statutes applicable to such facts, speaking for myself only and not for the court, it appears to me that if the notice and order had been served, as is now claimed by the state, December 6, 1883, yet no case would have been made against the appellant to recover the penalty prescribed by sec. 1331, R. S. The order served, as I understand it, was not an order made under sec. 1330, but an order made widening the old highway through the appellant's land; and the fence which he was ordered to remove was not in the old highway, but was brought within the limits of the widened highway by reason of the order widening the same at that place. If such is in accordance with the real facts,

then it would seem to me there is no case made to recover the penalty prescribed for not removing an encroachment upon an opened highway as provided by secs. 1330, 1331, R. S. In such case the method to be pursued to remove the fence is pointed out by sec. 1284, R. S. The following cases show what constitutes an encroachment under said sec. 1330, R. S., and what proceedings must be taken by the supervisors in order to charge the defendant with the penalty prescribed by sec. 1331, R. S.: *Wyman v. State*, 13 Wis. 663, 667; *Soule v. State*, 19 Wis. 593; *State v. Huck*, 29 Wis. 202; *Hubbell v. Goodrich*, 37 Wis. 84; *State ex rel. Reynolds v. Babcock*, 42 Wis. 138, 148; and *State v. Siegel*, 54 Wis. 86, 88.

*By the Court.*— The judgment of the county court in each case is reversed, and the cases are remanded for new trials.