## Martin v. St. Louis, Iron Mountain & Southern Railway Co.

Decided May 10, 1890.

1. *Bill of exceptions—Amendment after term.*

   Where a call to copy certain documents in a bill of exceptions is too indefinite to identify them, if the documents can with certainty be identified *aliunde*, the trial court may, after lapse of the term, by a *nunc pro tunc* order amend the bill of exceptions so as to correct the call to copy the documents.

2. *Writ of certiorari—Practice—Skeleton bills of exceptions.*

   The practice of suing out the writ of certiorari for the purpose of bringing up skeleton bills of exceptions is not to be commended, except where there is reason to doubt the accuracy of the certified bill; and in that case the writ should be applied for without unreasonable delay.

3. *Writ of certiorari—When it may be quashed.*

   A writ of certiorari may be quashed after the return, when it is made to appear that it will not serve the ends of justice; but it will not be quashed where the return shows that the bill of exceptions as certified does not conform to that which was originally filed.

APPEAL from *Pulaski* Circuit Court.

J. W. Martin, Judge.

Appellant perfected an appeal to this court in a case where he was plaintiff and appellee defendant. Appellee sued out a writ of certiorari to procure the original skeleton bill of exceptions. Subsequently appellant filed a petition in the court below which stated that, in the bill of exceptions taken in said appeal, the instructions were not set forth with certainty, and prayed that it might be amended by inserting the original drafts of them. The defendant having been notified, appeared by counsel, and on a hearing of the application it was overruled.

Plaintiff filed a bill of exceptions which is as follows:

"Be it remembered that on this day the hearing of the petition for amending the bill of exceptions herein came on; and upon presentation of the same the said petitioner presented to the court sundry written instructions which purport to have been given by the court on the trial of this cause; said written instructions being signed for the purpose of identification by the judge of this court at the time said bill was submitted to him and signed, this being during the vacation of the Pulaski circuit court.

"Said petitioner also offered parol evidence to prove to the court that the said instructions were the same as were written out and used on the trial of this cause; that they had been deposited with the clerk of this court at the time that the bill of exceptions was given him to be filed; but that they were not marked filed, but had been kept with the papers in the cause ever since.

"The judge of the court announced from the bench that he was satisfied that the written instructions thus produced were those which were used on the trial of this cause, and were the same which were referred to in the bill of exceptions. But the court, having heard argument of counsel, was of the opinion that it had no power to permit the said amendment to be made after the lapse of the term and after the lapse of the time during which by law the said bill of exceptions alone

could be filed. And the court, therefore, refused to hear said testimony, and rejected said petition.'' Petitioner excepted and appealed.

*U. M. & G. B. Rose, E. W. Kimball, S. R. Allen* and *John McClure* for appellant.

After the lapse of the term the court had the power, on a proper showing, to amend the record, so as to make it speak the truth. 40 Ark., 229; 51 Ark., 323.

A bill of exceptions is a record, and may be amended to speak the truth. 17 Ark., 154; 21 Ark., 226; 4 Chitty, Gen. Pr., 13; 117 Ill., 549; 118 Ill., 160; 67 Wis., 229; Hayne on New Tr. and Appeal, sec. 160.

The instructions, having been placed with the papers in the case when the bill of exceptions was filed, and so kept, were filed, though not so marked. 28 Ark., 249; 43 Ark., 148. See also 21 Ark., 329.

*Dodge & Johnson* for appellee.

This is simply an effort to cure a fatal defect in the original bill of exceptions; a fatal omission in the person drafting the same. The instructions asked and refused are not inserted, nor is there any order to the clerk to insert them, nor any reference thereto.

This court has invariably ruled that defects or omissions of this character cannot be amended by *nunc pro tunc* order. 45 Ark., 485; Mansf. Dig., sec. 5160. After the time allowed for preparing and filing a bill of exceptions has expired, the circuit court loses all control over the same, and cannot exercise any discretion whatever. 45 Ark., 102; 39 Ark., 216; 119 Mass., 208; 121 Mass., 165; 123 Mass., 579; 124 Mass., 241; 69 Ind., 290; 98 Ill., 235; 56 Iowa, 335; 8 Bush, 480; 6 Bush, 27; 5 Col., 133; 17 Munroe, 603; 90 Ind., 404; 97 Ind., 404.

Review cases in 17 Ark., 15; 217 Ark., 226; In the

first case, the *bill of exceptions was not amended*. In the latter, a mere *clerical error* was committed which was allowed to be corrected.

In this case no facts exist to warrant a *nunc pro tunc* order. 45 Ark., 107. See also 40 Ark., 229; 45 Ark., 489–491; 51 Ark., 323.

28 Ark., 249, and 43 Ark., 148, have no bearing on this case.

COCKRILL, C. J. A bill of exceptions, when signed by the judge and filed by the clerk, becomes a part of the record of the cause in which it is taken, and, like any other part of the record, may at a subsequent term be amended by the court on petition and notice to the adverse party, but cannot be legally altered in any manner by the judge. 1. Bill of exceptions–Amendment after term.

The right to amend is governed by the same rules which obtain in the amendment of any other record. In those States where the rule exists of allowing no amendment of a record, save where there is a record or memorial to amend by, the bill of exceptions cannot be amended on any other proof. *Dougherty v. People*, 118 Ill., 160; 4 Chitty's Gen. Pr., p. 13. But all the authorities seem to concur in holding that the court in which the record is made has the same power to amend the bill of exceptions by a *nunc pro tunc* order to cause it to speak the truth, that it has over any other part of the record. Chitty's Pr., *supra;* *Heinsen v. Lamb*, 117 Ill., 552–3; *State v. Clark*, 67 Wis., 229. The power was exercised by this court in the case of *Freel v. State*, 21 Ark., 226. In that case the bill of exceptions as allowed by the trial judge, showed that the offense, of which the appellant was convicted, had been committed after the indictment was found. At a subsequent term of the court in which the cause was tried, the error was corrected by causing the bill of exceptions to recite the true date of the offense, which was prior to the return of the indictment. The opinion informs

us only that the error occurred in drafting the bill of exceptions.

The right to amend does not mean the power to allow a new bill of exceptions, for when the term has elapsed and the time given for its preparation passed, no bill can be allowed, and the party who relies upon his exceptions is without remedy, unless he is in position to invoke the aid of a court of chancery to grant him a new trial upon the ground of fraud, accident or mistake in the loss of his appeal. It is not the office of an amendment to create or to originate something new, but only to perfect that which is imperfectly done. *Cox v. Gress*, 51 Ark., 231.

This case does not call for a determination of the question whether matter which has been wholly omitted from a bill of exceptions can under any circumstances be inserted therein by amendment at a subsequent term, without showing that the judge allowing the bill had specifically directed that it be inserted in it; for it appears here that it was the intention of the judge, in allowing the bill, to cause the charge which he had given, as well as the plaintiff's rejected prayers for a charge, to be made a part of it. The reference to the charge and the rejected prayers shows that they were in writing, but the call for them is too indefinite to identify them. This, then, is a case of an ineffectual effort to carry out an expressed intent apparent upon the face of the record itself. It is the province of an amendment to make certain what the record now leaves uncertain, if that can be done by clear and satisfactory proof. It is not a question of power, as the trial court seems to have supposed, but only a question of the sufficiency of the proof as to what charge and rejected prayers for a charge the bill calls for. If the court upon a trial of that issue is convinced that the charge and rejected prayers, which the bill of exceptions shows the judge intended should be inserted in it, can now be identified with certainty, a *nunc pro tunc* order should be made correcting the call for them in

the bill of exceptions, in order that they may be certified to this court in response to a writ of certiorari.

The practice of suing out the writ of certiorari for the purpose of bringing up the skeleton bill of exceptions, upon which the clerk has acted in making up the record, is not to be commended except in cases where there is reason to doubt the accuracy of the certified bill.    Even in that case it should be applied for without unreasonable delay; otherwise injustice might ensue to the adverse party by the loss of memorials, the death of the judge or by other means. <sub>2. Writ of certiorari—Skeleton bill of exceptions.</sub>

The writ may be quashed after the return when it is made to appear that it will not serve the ends of justice. A motion has been made by the appellant in this case to quash the writ because of delay in suing it out, but the return to the certiorari shows that the bill as certified does not conform to that which was originally filed, and the motion should be refused for that, if for no other, reason. <sub>3. Quashing writ of certiorari.</sub>

The court erred in refusing to hear evidence to amend the bill of exceptions, and the cause will be remanded for further proceedings.