J. D. MACFARLAND V. WEST SIDE IMPROVEMENT ASSOCIATION.

FILED MARCH 18, 1896.    No. 7635.

1. **Trial: EVIDENCE: LEAVE TO WITHDRAW DOCUMENTS: PRACTICE.** A trial court should never permit a document introduced in evidence to be withdrawn unless the party so withdrawing it, at the time, leaves with the reporter a concededly correct copy of the document withdrawn; and the furnishing of such copy should be made a condition precedent for leave to withdraw the original document.

2. **Bill of Exceptions: AMENDMENTS: EXHIBITS: PRACTICE.** This court will not, as a matter of course, permit a record to be withdrawn for the purpose of amending a bill of

exceptions; and especially is this true where it appears that a failure to incorporate into the bill of exceptions all the evidence is due to the laches of the party seeking the amendment.

3. ———: ———: ———: ———. The plaintiff in error filed here a bill of exceptions from which two exhibits introduced in evidence on the trial of the case in the district court were omitted. These exhibits, when introduced in evidence, were by counsel for defendant in error, by leave of the court, withdrawn, but counsel did not then nor afterward furnish the court reporter with copies of such exhibits. *Held,* That leave would be granted plaintiff in error to withdraw the record here for the purpose of submitting the bill of exceptions to the trial judge, on application for amendment.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. Heard on motion of plaintiff in error for leave to withdraw the record for the purpose of submitting to the lower court an application to insert exhibits omitted from the bill of exceptions. *Motion sustained.*

*A. G. Greenlee,* for the motion.

*Ricketts & Wilson, contra.*

RAGAN, C.

This is an application of the plaintiff in error for leave to withdraw the record for the purpose of having the bill of exceptions amended by inserting therein two exhibits which he alleges were introduced in evidence on the trial of the case and by inadvertence omitted from the bill of exceptions when signed and allowed by the trial court. The application is resisted by the defendant in error, and the evidence as to whether these exhibits were in the bill of exceptions when presented to the trial judge for allowance is con-

flicting. The affidavits filed by the defendant in error in resistance of this application are to the effect that the exhibits in question were introduced in evidence on the trial of the .case; that counsel for the defendant in error then asked and obtained leave of the court to withdraw said exhibits; that they did withdraw the exhibits and have since retained them in their possession; that neither at the time they withdrew them nor since did they furnish the official court reporter with copies of the exhibits withdrawn. On this evidence alone we think the application of the plaintiff in error should be sustained. A trial court should never permit.a document introduced in evidence to be withdrawn unless the party so withdrawing it at the time leaves with the reporter a concededly correct copy of the document withdrawn. The furnishing to the reporter of such copy should be made a condition precedent by the court of the leave to withdraw the original document. It appears from the affidavit of the judge who tried this case in the court below that he did not decide it until the evidence had been type-written and presented to him, and at that time neither of the exhibits in question, nor copies thereof, were in the type-written evidence. We think that the failure of the present bill of exceptions to contain these exhibits is due to the fact of defendant in error's counsel withdrawing the exhibits after they were introduced in evidence and not supplying the reporter with copies thereof. This court will not, as a matter of course, permit a record to be withdrawn for the purpose of amending a bill of exceptions; and especially is this true where it appears that the failure to incorporate into the bill of exceptions

all the evidence is due to the laches of the party seeking the amendment. Here the court has jurisdiction of the subject-matter and of the parties to the action. The record before us shows that the exhibits in question were introduced in evidence. There is no dispute whatever as to their identity, and it appears that the defect in the bill of exceptions is probably due to the conduct of counsel for the defendant in error in withdrawing the exhibits and not at the time supplying the court reporter with copies thereof.

The motion of the plaintiff in error for leave to withdraw the record for the purpose of having the bill of exceptions submitted to the trial judge on application for amendment is sustained. Record to be returned to this court in twenty days.

MOTION SUSTAINED.