Decided 24 November, 1898.

**STATE EX REL. *v.* ESTES.**

[51 Pac. 77 ; 52 Pac. 571 ; 55 Pac. 25.]

1. STATE MEDICAL BOARD—RIGHT TO APPEAL.—Under the provisions of the law of 1895 creating the Board of Medical Examiners (Laws, 1895, p. 61), such board may appeal to the supreme court from a judgment of the circuit court reversing its decision on the question of revoking a physician's license.

2. NOTICE OF APPEAL—AUTHORITY OF ATTORNEYS.—A notice of appeal from the circuit court, signed by the attorneys in behalf of a board, which signa-

ture was authorized by the president of the board, and afterwards ratified by the rest of the members, is sufficient, so far as the attorneys' authority is concerned, to give the supreme court jurisdiction.

3. APPEAL—DEFECT OF PARTIES.—An objection that there is a defect of parties to a suit or action cannot be first urged on appeal.

4. SERVICE OF NOTICE OF APPEAL.—A proceeding by the state on the relation of sundry persons to revoke the license of a physician is *quasi* criminal in its nature, and a service of the notice of appeal on the state is sufficient, it need not be served on either the relators or the State Board of Medical Examiners.

5. AMENDING BILL OF EXCEPTIONS AFTER APPEAL.—A bill of exceptions which, through inadvertance or mistake has been incorrectly made up, may, by order of the trial court entered *nunc pro tunc* on proper notice, be so amended at a subsequent term that it will accord with the real facts, even though an appeal is pending.

6. APPEAL—OBJECTION TO SERVICE OF NOTICE.—A motion to dismiss an appeal to a circuit court for some technical error in the proceedings will not be considered in the supreme court unless the alleged error was specifically stated so that the circuit court could have considered it—in other words, such an objection, not affecting the jurisdiction, cannot be raised for the first time in the supreme court: *Hermann* v. *Hutcheson*, 33 Or. 239, followed.

7. APPEAL—SUFFICIENCY OF MOTION TO DISMISS.—Under the rule that one who claims an advantage on purely technical grounds must himself have complied with every such requirement, a claim that "no appeal bond as required by law" was given is not sustained by proof that the bond given was perfect, except that the liability of the sureties was limited, for the alleged error is not definitely pointed out.

8. FILING TRANSCRIPTS—DUTY OF CLERK.—Where a statute imposes on the clerk of the trial court, or the secretary of a board, the duty of filing the transcript on appeal, and the officer has complied therewith so far as the filing is concerned, the fact that the certificate authenticating the transcript was irregular, so that it had to be amended, which was not done until after the expiration of the time allowed to file such transcript, does not make appellant responsible for such delay, or affect the appeal.

9. MEDICAL BOARD—APPEAL—VENUE.—An appeal from the Board of Medical Examiners will not be dismissed where the motion to dismiss recites that the hearing by the board was in the county to the circuit court of which the appeal has been taken as required by law, and the verdict and decision of the board purports to have been made in that county, although the regular meetings of the board are required to be held in another county.

10. COMPETENCY OF EVIDENCE.—In a proceeding to revoke a physician's license for unprofessional conduct, testimony tending to show that one of defendant's patients had suffered an abortion was properly refused when counsel stated that he doubted if defendant could be connected with the offence.

11. RIGHT TO RECOVER COSTS.—The expenses incident to a trial cannot be recovered from the adverse party, except under a statute: *Wood* v. *Fitzgerald*, 3 Or. 569, 584.

12. MEDICAL BOARD—COSTS.—Costs are not recoverable by defendant in an action begun before the Board of Medical Examiners to revoke a physician's license, where the case was appealed by the defendant to the circuit court and reversed, since the statute makes no provision therefor.

13. REINSTATEMENT OF PHYSICIAN—POWER OF COURT.—That part of a judgment of the circuit court in an action appealed from the Board of Medical Examiners revoking a physician's license which adjudges that the defendant is entitled to practice medicine and surgery, as if the verdict and decision of the board had not been rendered, is erroneous in view of the statutory provision (Laws, 1895, p. 61, § 6), that if the circuit court reverses the action of the board and no appeal is taken to the supreme court within sixty days, the medical board shall immediately reinstate defendant's name upon the records of the board. The proper course is for the circuit court to direct the board to reinstate the accused.

From Clatsop :   THOS. A. MCBRIDE, Judge.

This is a proceeding commenced in the name of the state on the relation of O. H. Beckman and three other private citizens before the Board of Medical Examiners of the State of Oregon to obtain a revocation of the license of Dr. O. B. Estes under the provisions of the act of 1895 relating to physicians and surgeons. The board revoked the license, as prayed for, and defendant appealed to the circuit court, which reinstated him, without allowing any costs or disbursements, whereupon the board appealed to the supreme court, and the defendant filed a cross appeal on the question of costs.

In this tribunal a motion by defendant to dismiss the appeal of the board was overruled, and a simultaneous motion by the board to dismiss the cross appeal of defendant met a similar fate ; whereupon a motion by the board to strike the amended bill of exceptions from the files, and a further motion to dismiss the cross appeal were denied ; and thereafter the matter was considered on the merits. These are reported in the order of their occurrence, and the various statements of fact are given in connection with the respective opinions.

MOTIONS OVERRULED :  JUDGMENT MODIFIED.

Decided 7 December, 1897.

## ON MOTIONS TO DISMISS BOTH APPEALS.

[51 Pac. 77.]

*Messrs. Cicero M. Idleman*, Attorney-General, and *Chas. W. Fulton* for the Board of Examiners.

*Mr. H. A. Smith* for Dr. Estes.

MR. JUSTICE WOLVERTON delivered the opinion.

Complaint was filed with the Board of Medical Examiners, entitled, "State of Oregon, on relation of Oswald H. Beckman, E. Jansen, M. M. Walker, and Jay Tuttle, Plaintiffs, *v.* O. B. Estes, Defendant," charging the defendant with dishonorable and unprofessional conduct as a practicing physician. All the members of the board seem to have signed the complaint, and were complainants in the proceeding. The board revoked the license of the defendant, who appealed to the circuit court, and there procured a reversal of its decision. A notice of appeal from the judgment of the circuit court to this court by the board of examiners and the State of Oregon, signed by Fulton Bros., attorneys for said board, and the district attorney, for the state, was served upon the defendant, and the appeal perfected. The defendant moves to dismiss the appeal because : First, the board of examiners is not a party to the action, and as such has no authority to take an appeal ; second, no action was ever taken by said board, authorizing the appeal, and the same was taken and prosecuted without its authority (this objection is based upon affidavits tending to show that Messrs. Fulton Bros. were not directed and author-

ized, by resolution or direct action of the board, to prosecute the appeal in its behalf); and, third, there is no authority of law for the state to become a party to such action or proceeding.

The act authorizing the organization of the Board of Medical Examiners (Laws, 1895, p. 61, 65, § 6) empowers it, among other things, to revoke the license of a practicing physician for unprofessional or dishonorable conduct. In case of a revocation, the licentiate is given the right of appeal to the circuit court in and for the county in which the hearing was had. Either party may appeal from the judgment of the circuit court to the supreme court, in like manner as in civil actions, within sixty days after the rendition thereof. Then follow these provisions: "If such judgment shall be in favor of the party appealing from the decision of said board, and in case said examining board does not appeal from judgment within sixty (60) days, then and in that case said board shall, at the end of sixty (60) days, and immediately upon the expiration thereof, issue to such successful party the usual license to practice medicine and surgery in this state, and, in addition thereto, shall reinstate upon the records of said board the name of such successful applicant in case of the revocation of his license by such board. In case of such appeal to the supreme court by said board, no such license shall be issued or reinstatement be required until the final determination of said cause, as hereinafter provided. In case the final decision of the supreme court be against said medical examining board, then and in that case said court shall make such order in the premises as may be necessary, and said board shall act accordingly."

1. It is difficult to determine from this crude piece of legislation just what procedure is meant to be established for taking and perfecting an appeal from the circuit to

the supreme court when the judgment is in favor of the accused practitioner.    The language of the act, that "either party may appeal," would seem to allude more especially to the parties to the proceeding, and not to the tribunal charged with the function of determining the cause as between them.    But the further provision above quoted is a plain recognition of the right—while not conferred in express terms—of the board also to appeal from the decision of the circuit to the supreme court in case the judgment should be adverse to its decision, and we think its effect is to empower the board to prosecute an appeal in vindication of its own findings.    In this view, the first reason assigned as a ground of dismissal fails.

2.   The notice of appeal appears to be regularly signed by Fulton Bros. as the attorneys for the board, but the respondent questions their authority to thus prosecute the appeal in its behalf, and urges that, unless it appears they were so authorized by resolution or other express direction of that body at the time of the service of such notice, this court has not acquired jurisdiction to hear the cause, and hence that it should be dismissed. An attorney, under the statute, is a public officer;  and, when he appears in his official capacity, it will be presumed that it is with the requisite authority of the party whom he professes to represent, until the contrary is established.    His mere appearance in such capacity will be taken as *prima facie* evidence of his authority for so doing, and ordinarily the courts will seek no further for confirmation of such authority.    The statute has, however, made provision by which the court may, on motion of either party, based upon a proper showing, require the attorney for the adverse party to produce or prove the authority under which he appears, and until he does so may refuse to recognize him as such.    Waiving all

question as to the proper time of making the application under this statute, we presume that if, in due time, the attorney failed to produce or prove his authority, or it should become manifest that he was acting without warrant from his supposed client, and that he was so acting for the moving party, the court would, upon motion, dismiss the proceeding: *Clark* v. *Willett*, 35 Cal. 534; *Dove* v. *Martin*, 23 Miss. 588; *King of Spain* v. *Oliver*, 2 Wash. C. C. 429 (Fed. Cas. No. 7,814). But in the case at bar Messrs. Fulton Bros. have produced a resolution of the board, adopted November 5, 1897, the genuineness of which is not questioned, whereby it appears that they took the appeal in pursuance of the directions of its president, and it purports to ratify and confirm their action in the premises. It is objected that the president was without power, in the first instance, to authorize Fulton Bros. to prosecute the appeal for the board, and hence that their act in giving the notice in its behalf was void, which the board could not cure by ratification. The objection, it is claimed, involves the power of this court to entertain the appeal through such notice. Having been signed by regularly admitted and practicing attorneys, it is *prima facie* sufficient. But there is more than a *prima facie* case here. They were directed by the president of the board to take the appeal. And this is as far as the court would usually prosecute the inquiry, and it would not seek for a confirmation of the president's authority: *Low* v. *Settle*, 22 W. Va. 387, 392. Under these conditions, the notice could not be said to be void. At most, it was voidable only, and would warrant the exercise of jurisdiction upon the appeal. The act of the attorneys, *prima facie*, was regular, because of the official character in which it was performed, coupled with and based upon the act of an officer of the board, having *prima facie* authority to confer the

power, and was susceptible of ratification by the board, which would have effect by relation, and confirm that which was already done : *Kinsley* v. *Norris*, 60 N. H. 131; *Am. Ins. Co.* v. *Oakley*, 38 Am. Dec. 561. The evidence to establish the attorneys' authority to prosecute the appeal is ample, and the notice is quite sufficient to give this court jurisdiction of the cause.

3. The remaining question is one involving a defect of parties, and cannot be raised for the first time upon appeal. The motion to dismiss will therefore be overruled, as will also the motion of the board of examiners to dismiss respondent's cross appeal.

MOTION OVERRULED.

[Decided 21 March, 1898.]

ON MOTION TO STRIKE AMENDED BILL OF EXCEPTIONS, AND ON MOTION TO DISMISS CROSS APPEAL.

[52 Pac. 571.]

*Mr. Geo. Clyde Fulton* for both motions.

*Mr. F. D. Winton, contra.*

MR. JUSTICE WOLVERTON delivered the opinion.

4. Two motions are submitted at this time—one to strike out the amended bill of exceptions, and the other to dismiss the cross appeal—both of which were preferred by the Board of Medical Examiners. The motion to dismiss is based upon the fact that the notice of appeal was not served upon either the relators or the Board of Medical Examiners. The purpose of the proceeding is to revoke the license of a regularly admitted and practicing physician for unprofessional and dishonorable conduct,

and is *quasi* criminal in its nature. This being so, the state was properly made a party thereto, and, having been served with the notice of appeal, service thereof on the relators, or the board, is not necessary to the jurisdiction of the court. Substantially the same question was presented by a former motion, and decided as we now hold. In the opinion rendered at that time we inadvertently said that all the members of the board seemed to have signed the complaint, and were complainants in the proceeding. This was a mistake, as neither of the complainants was a member of the board, and resulted from a confusion of the names in the record. The misstatement of the fact, however, did not affect the result.

5. The judgment having been entered in the circuit court in the above cause on March 6, 1897, the bill of exceptions was settled, allowed, and signed on April 3, and the appeal perfected April 29. At a subsequent term, to wit, on December 24, 1897, upon motion of the defendant, the bill of exceptions was amended over the objection of the appellant. The amended bill of exceptions has been certified up, and it is this additional record that appellant seeks to have stricken out. The question presented is whether a bill of exceptions which has been settled, allowed, and signed by the trial judge can be amended at a subsequent term, and after an appeal has been taken and perfected. Such a paper, when filed with the clerk, becomes a part of the record in the cause : Hill's Ann. Laws, § 233. So that the amendment sought was of the record, which the court allowed by an order *nunc pro tunc*, and, after setting aside the former certificate, appended a new one to the amended bill of exceptions. The apparent object of the amendment was to make the record conform to the truth. The matters certified in the amended bill are in one or two particulars inconsistent with those contained in the original, and

are of such a nature as that they might become of vital importance at the hearing. The Board of Medical Examiners appeared by counsel when the application was presented, thus waiving any irregularities preliminary to the hearing, and the remaining question is solely one of power in the court below to make the amendment.

Some jurisdictions have adopted a rigid rule as respects amendments of this character, as in Mississippi, it is held that if the bill of exceptions is wrong when it is made part of the record in the cause, it must remain so, for no authority exists for its correction either in the supreme court or the court which settled and allowed it : *Bridges* v. *Kuykendall*, 58 Miss. 827. So in the Supreme Court of the United States, it is settled that after the term has expired without the court's control over the case having been reserved by some rule or special order, and especially after it has been entered in the supreme court, all authority of the court below to alter or amend a bill of exceptions formerly presented and allowed is at an end : *Michigan Ins. Bank* v. *Eldred*, 143 U. S. 293, 298 (12 Sup. Ct. 450).

But many authorities concur in holding to a much more liberal doctrine. By these it is established that a bill of exceptions, once settled and signed and properly filed, becomes a part of the record in the case to which it relates, and stands precisely upon the same footing as any other record. If it is settled and filed during the term, the presiding judge who signed it may, before the expiration thereof, make any changes or alterations which he may think necessary to make it conform to the facts, but thereafter he loses all power to alter or change it on his own motion, or upon mere suggestion. If, however, a bill of exceptions, through inadvertence or mistake, has been so made up as not to fairly and truly recite or represent what it purports to show as having actually trans-

pired during the course of the proceedings, it may, by order of the court entered *nunc pro tunc*, upon proper notice, be so amended at a subsequent term as that it will accord with the real facts :    *Heinsen* v. *Lamb*, 117 Ill. 549 (7 N. E. 75); *Martin* v. *St. Louis, etc. Ry. Co.* 53 Ark. 250 (13 S. W. 765); *Churchill* v. *Hill*, 59 Ark. 54 (26 S. W. 378); *State* v. *Clark*, 67 Wis. 229 (30 N. W. 122); *Freel* v. *State*, 21 Ark. 221 ; *Goodrich* v. *City of Minonk*, 62 Ill. 121 ; *Newman* v. *Ravenscroft*, 67 Ill. 496 ; *Beckwith* v. *Talbot*, 2 Colo. 604 ; *Doane* v. *Glenn*, 1 Colo. 454 ; *Walker* v. *State*, 102 Ind. 502 (1 N. E. 856); *Morgan* v. *Hays*, 91 Ind. 132 ; *Harris* v. *Tomlinson*, 130 Ind. 426 (30 N. E. 214); *Lefferts* v. *State*, 49 N. J. Law, 26 (6 Atl. 521); *Warner* v. *Thomas Dying Works*, 105 Cal. 409 (38 Pac. 960, 37 Pac. 153); *McFarland* v. *West Side Improvement Co.*, 47 Neb. 661 (66 N. W. 637).    And this may be done pending an appeal :    *Seymour* v. *Thomas Harrow Co.*, 81 Ala. 250 (1 South. 45); *Lake Erie R. R. Co.* v. *Bates*, 19 Ind. App. 386 (46 N. E. 831); *Harris* v. *Tomlinson*, 130 Ind. 426 ; *Brooks* v. *Bruyn*, 40 Ill. 64.    We incline strongly to the more liberal practice as being better suited to subserve the ends of justice, and are therefore constrained to adopt it.    Both motions will be denied.

MOTIONS DENIED.

Decided 24 November, 1898.

ON THE MERITS.

[55 Pac. 25.]

For the Board of Examiners there was a brief over the names of *Cicero M. Idleman*, Attorney-General, *Harrison Allen* and *Fulton Bros.*, with an oral argument by *Messrs. Idleman* and *George Clyde Fulton*.

For Dr. Estes there was a brief over the name of *J. H. & A. M. Smith*, with an oral argument by *Mr. Albert Marshall Smith*.

MR. JUSTICE MOORE delivered the opinion.

This is a proceeding in the name of the state, upon the relation of private parties, before the State Board of Medical Examiners, to have the medical license of O. B. Estes revoked for dishonorable and unprofessional conduct, alleged to have been committed by unlawfully producing an abortion. The defendant having denied the material allegations of the complaint, a trial was had, resulting in a revocation of his license, from which action he appealed to the Circuit Court of Marion County, which changed the venue to Clatsop County, where the cause was tried, the action of the board reversed, and an order made that defendant be permitted to resume the practice of his profession, but the court denied his motion for costs and disbursements. From this judgment the state, the relators, and the defendant appeal.

It is contended by the relators' counsel that the trial court never obtained jurisdiction of the proceeding, and hence erred in refusing to dismiss the attempted appeal from the action of the board of examiners. The motion to dismiss said appeal was predicated upon the following grounds : (1) That no notice of appeal was ever served upon the secretary of the board of examiners ; (2) that no appeal bond, as provided by law, was filed with or approved by said secretary ; (3) the transcript was insufficient in form, and not filed within the time prescribed by law ; (4) that the notice of appeal did not set forth the grounds of error nor describe the action of the board complained of ; and (5) that the pretended appeal

was taken to the Circuit Court of Marion County, when it should have been to the Circuit Court of Multnomah County.

6. The notice of appeal in question has a certificate indorsed thereon acknowledging due service thereof, and purporting to have been subscribed by "Byron E. Miller, Secretary of Board of Medical Examiners." It is argued that a written acknowledgment of the service of a notice of appeal by a party is insufficient to authorize the court to assume jusisdiction without proof of the authenticity of the signature. The objection insisted upon is technical, and he who would take advantage of a technicality must be governed by the rule which he invokes : *Bilyeu* v. *Smith*, 18 Or. 335 (22 Pac. 1073); *Hermann* v. *Hutcheson*, 33 Or. 239 (53 Pac. 489). This rule compels a party who excepts to an irregularity to specify definitely the particular point which he maintains constitutes a departure from the prescribed mode of procedure, that the trial court may have an opportunity to correct the irregularity by permitting the record to be amended, if possible : Elliott, App. Proc. § 532 ; 2 Enc. Pl. & Prac. 348 ; *Scholfield* v. *Pope*, 103 Ill. 138. It will be observed that the point relied upon in the trial court as a ground for dismissing the appeal is that the notice thereof was not served upon the secretary of the board of examiners, while the objection urged here is that there is no proof of the service of such notice,—a contention which tacitly admits that the notice was served, but denies that the proof thereof was sufficient ; thus showing that a question of irregularity, not affecting the jurisdiction, is presented, which this court as an appellate tribunal cannot entertain, because it was not presented to or considered by the court below.

7. The statute requires a person desiring to take an appeal from the action of the board of examiners to cause

to be served upon the secretary of said board a written notice thereof, which shall contain a statement of the grounds of such appeal, and shall file in the office of such secretary an appeal bond to the State of Oregon, with good and sufficient surety, to be approved by said secretary, conditioned for the speedy prosecution of such appeal, and the payment of such costs as may be adjudged against him thereon :   Laws, 1895, p. 61, § 6. The bond filed with the secretary complied with these requirements, but, because the liability of the sureties was limited to the sum of $500, it is contended that the trial court never acquired jurisdiction of the appeal.   It will be remembered that the ground of the motion in the trial court upon this question was that no appeal bond as provided by law was filed, etc.   This assignment does not point out the error now complained of with the degree of particularity required in such cases, and, under the rule hereinbefore stated, is insufficient to call the attention of the trial court to the irregularity here relied upon.

8.   When a person desiring to appeal from the decision of the board of examiners has caused to be served upon its secretary a notice of appeal, and filed in his office an appeal bond, it is made the duty of said secretary, within ten days after such service and approval of the bond, to transmit to the clerk of the circuit court to which the appeal is taken a certified copy of the pleadings, etc., together with the bond and notice of appeal : Laws, 1895, p. 61, § 6.   This duty was duly performed within the time prescribed by law, except that the certificate authenticating the transcript failed to recite that the copies contained therein had been by him compared with the originals, etc., as required by Section 748, Hill's Ann. Laws ; whereupon the court, by rule, re-

34 OR.—14.

quired the secretary to send up an amended transcript, duly certified, which was done, but not until after the expiration of ten days from the service of the notice of appeal. It is now argued by counsel for the relators that it was the duty of the defendant to obtain and file a perfect transcript, and that because the original certificate was defective, thereby necessitating an amended transcript, which was not filed within the time prescribed by law, the court never obtained jurisdiction of the appeal. When an appeal from the judgment or decree of the circuit court has been perfected, the appellant within a given time must file with the clerk of this court a transcript of the final record: Hill's Ann. Laws, § 541. In such case it has been held that, where the statute expressly requires the appellant to file the transcript in the appellate court, the clerk of the trial court, in its preparation, acts as his agent, and that the clerk's failure to comply with the requirements of the law in this respect is attributable to the laches of the appellant: 2 Enc. Pl. & Prac. 280, and cases cited in note 2. Where, however, the statute imposes upon the clerk of the trial court the duty of filing the transcript on appeal, such requirement does not relieve the appellant from the necessity of showing that the failure of the clerk to file the transcript within the time prescribed by law was not imputable to him: *Crawford* v. *Haller*, 2 Wash. T. 161 (2 Pac. 353) ; *Callahan* v. *Houghton*, 2 Wash St. 539 (27 Pac. 125). The secretary of the board having complied with the statute as far as the filing of the transcript was concerned, relieved the defendant from all duty in that respect, and he is not responsible for the appended certificate, which, if informal or imperfect, the court could, as in cases on appeal from justices' courts, have corrected by proper amendment.

9. The notice of appeal assigns the errors which the

defendant claimed the board of examiners committed, and, the judgment complained of being described therein with reasonable certainty, the statutory requirement that the notice shall contain a statement of the grounds of such appeal is sufficiently complied with. The statute provides that an appeal from the action of the board of examiners revoking a medical license shall be to the circuit court in and for the county in which the hearing was had upon which such license was revoked : Section 6, *supra*. The transcript was filed in the office of the Clerk of the Circuit Court for Marion County, but it is claimed that the record is silent as to where the hearing was had, and, this being so, it must be presumed that the board met in Multnomah County, where the regular meetings thereof are required to be held (Laws, 1895, p. 61, § 2), and hence the appeal was not taken to the proper court. The motion in the trial court to dismiss the appeal recites that such hearing was had before the said board in Marion County, and the verdict and decision of the board purports to have been signed at Salem, in said county, in view of which the point contended for is without merit.

Counsel for the relators, in their brief, contend that the circuit court erred in refusing to dismiss the appeal for other reasons, which will not be considered, because the grounds thereof were not assigned in their motion in the court below.

10. Considering the case upon its merits, it appears that the woman upon whom the operation is said to have been performed, appeared as a witness before the board of examiners at defendant's trial, and testified that he perpetrated the overt act with the commission of which he was charged, but at his trial in the circuit court, as a witness for the state, she denied that any abortion had been produced upon her, or that the defendant had per-

formed any dishonorable or unprofessional operation upon her ; whereupon the court permitted counsel for the state to cross-examine her at great length, but the testimony brought out thereby is substantially the same as that given in her direct examination, in which she testified that, by reason of her illness, she was not responsible for what she said when appearing before the board of examiners, and that, being unable to read the English language, she did not understand the purport of an affidavit subscribed by her which charged defendant with the commission of said dishonorable and unprofessional conduct. Counsel for relators thereupon called another witness, by whom they sought to prove that an abortion had been produced upon the last witness by showing her physical condition at the time it was alleged that she had been delivered of a fœtus, but the court, upon defendant's objection to the introduction of such testimony, refused to permit the witness to answer the question propounded unless counsel could give some assurance that he would thereafter introduce testimony tending to connect the defendant with the commission of the offense, to which he replied : "I don't know whether I can do that or not. I don't like to engage to do a thing, and then not live up to the standard. I should like to try it. I want to be perfectly honest and fair with the court. I don't know whether I can or not. I tell you frankly and honestly that I doubt it." The court thereupon refused to permit the witness to answer the question, and, no further testimony being offered, the jury was instructed to return a verdict in favor of the defendant, to which counsel for the relators excepted. The testimony sought to be introduced by the relators tended to contradict their chief witness, but it was incompetent to prove that defendant was guilty because such witness had been delivered of a fœtus, and, as counsel frankly admitted that he doubted

his ability to connect defendant with the offense, the court committed no error in rejecting the testimony: *Dunn* v. *People*, 29 N. Y. 523 (86 Am. Dec. 319); *McCarney* v. *People*, 83 N. Y. 408 (38 Am. Rep. 456).

11. It is contended by counsel for defendant that the court erred in refusing to allow their client his costs and disbursements incurred in his defense. The expenses incident to the trial of an action not being recoverable at common law, the right to recover them must be found in the statute: 5 Enc. Pl. & Prac. 108; *Wood* v. *Fitzgerald*, 3 Or. 568; *Mitchell* v. *Downing*, 23 Or. 448 (32 Pac. 394).

12. The legislative assembly, in creating the board of examiners, undoubtedly considered that the physician whose license had been revoked would be powerless to review the act of the board except for an erroneous exercise of judicial functions, or where it had exceeded its jurisdiction (Hill's Ann. Laws, § 585), in view of which the right of appeal in such cases was conferred; but, such appeal not being from the judgment of a court, the general statute providing for the recovery of costs and disbursements can have no application, and defendant must rely upon the statute giving the appeal for his relief. The provision on the subject of costs reads as follows: "In case the final decision of the supreme court be against said medical examining board, then and in that case said court shall make such order in the premises as may be necessary, and said board shall act accordingly; *provided,* that in no case shall an appeal bond be required of said board, nor shall any costs be adjudged or taxed against the same:" Laws, 1895, p. 61, § 6. The act in question having made no provision for the recovery of costs in case the action of the board be reversed, defendant is not entitled to recover from the

relators as in an ordinary action : Hill's Ann. Laws, §§ 564, 565.

13. The statute provides that if the action of the board be reversed by the circuit court, and no appeal taken from such judgment to this court within sixty days, the board of examiners· shall immediately upon the expiration thereof reinstate upon the records of said board the name of the person whose license was revoked; but, in case the board shall appeal from such judgment, no reinstatement shall be required until the final determination of said cause upon appeal : Laws, 1895, p. 61, § 6. The trial court in reversing the action of the board adjudged that the defendant should be permitted to practice medicine and surgery in this state as if the verdict and decision of such board had not been rendered. It is contended that such an order of the circuit court was premature, and that its judgment in this respect is erroneous. An appeal is not like a writ of error in civil cases at common law, which was a matter of right, but exists only in such cases as the legislative assembly may prescribe, and, having provided a particular method for reviewing the action of the board, such method is exclusive : 2 Enc. Pl. & Prac. 16 ; *Savage* v. *Gulliver*, 4 Mass. 171. The judgment of the circuit court in this respect is erroneous, in view of which it is reversed so far as it relates to the immediate reinstatement of defendant to the privilege of which he had been denied by the board, but in all other respects affirmed. The cause will be remanded, with directions to the court below to order the said board of examiners to reinstate forthwith upon the record of said board the name of O. B. Estes as a practicing physician and surgeon, and for such further proceedings as may be necessary, not inconsistent with this opinion.

MODIFIED.