# BROCKMAN *v.* ULLOM

No. 2890

March 7, 1930.                           285 P. 485.

*Ham & Taylor* and *Wm. J. Forman,* for Appellant:

264

*A. A. Hinman* and *Cooke & Stoddard,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

This case is now before the court upon an application for an order for a diminution of the record pursuant

to rule 7 of this court, so as to bring up an order of September 9, 1929, extending the time of plaintiff within which to serve and file objections to the allowance and settlement of the bill of exceptions, notice of intention to move for a new trial, and memorandum of errors and exceptions to be relied upon on motion for a new trial.

In support of the application there is filed an affidavit of one of the attorneys for appellant, stating that said papers are actually a part of the record in the case, and giving the date of the filing of each, and copies of said documents certified to by the clerk of the trial court as being true copies of the originals.

Counsel for respondent object to the application. They call attention to the fact that in their answering brief on the merits, filed on October 24, 1929, they objected to the consideration by this court of the evidence in the case because of the fact that the bill of exceptions does not contain a notice of the intention of the defendant to move for a new trial, and is otherwise defective.

It was thereafter that the motion now before us was made.

The papers now sought to be brought up are not embraced in the judgment roll proper and can only be brought into the record by being made a part of the bill of exceptions.

■ It is settled law in this state that documents which are not a part of the judgment roll proper can be considered only when incorporated in a bill of exceptions. Water Co. v. Tonopah Belmont Dev. Co., 49 Nev. 172, 241 P. 1079; Bowers v. Charleston Hill etc., 50 Nev. 99, 251 P. 721, 256 P. 1058.

It is insisted, however, by counsel for appellant that, in view of the well-settled policy of the law, as expressed in Orleans Hornsilver M. Co. v. Le Champ D'Or French G. M. Co., Ltd., 52 Nev. 85, 280 P. 887, that cases should be disposed of by this court on their merits, that we should grant the application. In this connection our attention is called to the order made in Shirk v. Palmer, 48 Nev. 449, 232 P. 1083, 236 P. 678, 239 P. 1000.

A somewhat different situation is presented in this

application than was presented in the case last mentioned, in that the papers sought to be brought up herein can only be considered when incorporated in a duly settled bill of exceptions, which this court can in no way correct or amend.

■ If the bill of exceptions can be corrected or amended at all it must be done by the trial court. Yori v. Cohn, 26 Nev. 228, 65 P. 945, 67 P. 212; Bowers v. Beck et al., 2 Nev. 144; Elliott App. Proc., sec. 825, citing Harris v. Tomlinson, 130 Ind. 426, 30 N. E. 214; Lefferts v. State, 49 N. J. Law, 26, 6 A. 521; Martin v. St. Louis, etc., Co., 53 Ark. 250, 13 S. W. 765; Morse v. Woodworth, 155 Mass. 233, 27 N. E. 1010, 29 N. E. 525, and other cases.

Whether this court would, on application and showing, remand the bill of exceptions to the trial court for correction and amendment is a question we cannot now decide.

The application is denied, with leave to appellant to apply within fifteen days from service hereof for an order remanding the bill of exceptions for correction and amendment.