BRENNAN-LOVE COMPANY v. JAMES H. MCINTOSH.

FILED SEPTEMBER 23, 1898. No. 9791.

1. **Bill of Exceptions:** AMENDMENTS. In settling a bill of exceptions it is not sufficient that a paper containing suggestions of amendments be attached, and that it be disclosed that such amendments were allowed. Amendments which are allowed should be actually made in the body of the bill.

2. ———: CORRECTIONS AFTER SETTLEMENT. A district judge has authority, after the expiration of the time for settling a bill of exceptions, to make corrections therein, if it be found not to disclose what it was intended to at the time of settlement.

3. ———: RETURN FOR CORRECTIONS BELOW. If it be disclosed, after the bill reaches this court, that it does not disclose what the trial judge intended at the time of settlement, it will be remanded to the district court for correction under his supervision.

PROCEEDING to review an order of the district court of Douglas county overruling a motion to quash the bill of exceptions. Heard below before DICKINSON, J. *Remanded for amendments.*

*Meikle & Gaines,* for plaintiff in error.

*Charles A. Goss* and *James II. McIntosh, contra.*

IRVINE, C.

In this case the defendant in error moved in the district court, after the bill of exceptions had been settled, that the certificate thereto be cancelled and the bill quashed. The motion was overruled and the defendant has filed here a supplemental transcript embodying the proceedings, and seeks a review of the action of the district court on the motion.

The record discloses that the plaintiff in error, the defendant in the district court, within the time limited tendered to defendant in error a proposed bill of exceptions. The defendant in error returned it proposing eight amendments. Of these seven related to more or less formal changes in the transcript of the oral testimony, the remaining one suggested that a copy of a telegram in evidence was incomplete in that it disclosed the message alone and did not show the check marks, whereby the time and manner of transmission are indicated. Plaintiff in error wrote on the paper proposing the amendments: "The amendments hereby proposed are accepted by defendant," and, with the paper attached to the bill, presented it to the trial judge, who settled the

bill in that condition, the amendments not being in fact made. The motion to quash the bill was founded on the failure to incorporate the amendments, it being claimed that unless the amendments be in fact made there is no authority to settle the bill without notice. On the hearing of the motion the court ordered the plaintiff in error to attach to the bill a true copy of the telegram or the original thereof, and the latter having been done, overruled the motion, on the theory that the remaining amendments were sufficiently disclosed by the suggestions thereof.

It is quite correctly contended by defendant in error that amendments are not properly made by a separate paper suggesting and allowing them. They should be incorporated into the bill before it is settled. This court will not look to several papers to find what the bill was intended to be. On one occasion at least this court has referred a bill so settled back to the trial judge that the amendments allowed might be incorporated under his direction.

The further contention of defendant in error that, after the expiration of the statutory time for settlement, the district judge had no power to make or permit an amendment, and that the whole bill must therefore fail, cannot be adopted. It is true that a bill of exceptions is the creature of statute, and can be allowed only within the time fixed by statute. But where a bill of exceptions has been settled within that time it becomes a part of the record, and if it be incomplete, or by mistake fail to represent what it was intended to when the judge allowed it, the judge has the same power to correct it that he has to make any other part of his record speak the truth. This court must take the bill as it comes from the trial court, but for many years it has been the practice, when it appeared that the bill failed to show what the district judge at the time of allowance intended that it should show, to remand the bill to that judge that it might be corrected under his supervision. (*Macfarland v. West Side Improve-*

State v. Cornell.

*ment Ass'n*, 47 Neb. 661, 53 Neb. 421.) In ordering the telegram to be attached the trial judge did only what this court on a proper showing would have directed him to do.

But the bill is still imperfect in that it fails to conform to the other amendments suggested and allowed. We have no authority to go through the bill and change it in these particulars, and while the papers attached show what these amendments should be, unless they be incorporated in the body of the bill it will be impossible to examine it properly. The action of the district court in overruling the motion to quash is affirmed, but the record will be returned to the trial judge with directions to cause the other amendments to be actually made.

ORDER ACCORDINGLY.